### ALEC CALLIHAM v. THE STATE.

#### No. 1714. Decided October 23, 1912.

**1.—Aggravated Assault—Minor.**

Where the defendant was charged with aggravated assault upon the person of a female, and the evidence showed that he was a minor at the time, he could not be guilty of a graver offense than simple assault.

**2.—Same—Evidence—Res Gestae—Declarations of Prosecutrix.**

Where, upon trial of aggravated assault, the court admitted the declarations of the prosecutrix which were not shown to be a res gestae statement, in the record on appeal, they having been made under such conditions that they were not admissible as res gestae, there was reversible error.

**3.—Same—Argument of Counsel.**

Where the remarks of State's counsel were inflammatory and improper, they should have been withdrawn from the jury and should not have been made, although the case would not have been reversed on that ground.

**4.—Same—Innocent Motive—Charge of Court.**

Where, upon trial of aggravated assault upon a female, the defendant's evidence showed an innocent motive, the court should have submitted this issue to the jury.

Appeal from the County Court of McCulloch. Tried below before the Hon. Harvey Walker.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Shropshire & Brown,* for appellant.—On question of admission of declarations of prosecutrix: Veal v. State, 8 Texas Crim. App., 474; Price v. State, 35 Texas Crim. Rep., 501; Bradberry v. State, 22 Texas Crim. App., 273; Hobbs v. State, 16 id., 517; Castillo v. State, 31 Texas Crim. Rep., 145.

On question of innocent motive of defendant: Floyd v. State, 29 Texas Crim. App., 341; Ware v. State, 24 id., 521; McConnel v. State, 25 id., 329; Dickenson v. State, 24 id., 121; Brown v. State, 42 Texas Crim. Rep., 417.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of an aggravated assault alleged to have been committed on the person of Emma Roper.

We hardly deem it necessary to discuss but one question in the case and that is presented by bill of exceptions No. 9. It appears from the State's testimony that defendant went into the home of D. A. Roper, his daughter, Miss Emma, being there alone playing an organ. Defendant approached her from behind, threw his arms around her and held her for about five minutes. She fought and got loose from him. While holding her he asked her to "give him some." This is the substance of the testimony, and the evidence would support the verdict. However, the matter presented by bill of exceptions No. 9 is that after getting loose from defendant Miss Emma left her home and went to her aunt's, Mrs. Gainer's, to whom she detailed the entire occurrence, and Mrs. Gainer was permitted to testify in detail what Miss Emma told her. Defendant testified and denied the conduct and using any such language, and says he only asked her to kiss him, testifying to frequently visiting at the home and that he had eaten dinner there that day.

Thus the issue was squarely drawn by the testimony of Miss Emma and defendant. He being a minor, if his version was true, he could be guilty of no graver offense than simple assault, if any offense. The defendant objected to Mrs. Gainer being permitted to detail what was told her by Miss Roper, and reserved a bill of exceptions. The object and purpose was to add strength to the testimony of Miss Roper by showing that she detailed the same facts to Mrs. Gainer on the day of the alleged occurrence. The testimony shows that Mrs. Gainer lived a half mile from the Roper home. It is not shown how long after the alleged occurrence before Miss Roper arrived at Mrs. Gainer's. The objections urged were: "Because the same was no part of the res gestae of the transaction, the testimony of the prosecuting witness showing she stayed at home some minutes after the alleged assault, walked a half mile, and said acts, declarations and transactions were between third parties in the absence of defendant, was hearsay, and an unauthorized effort to bolster up the testimony of the prosecutrix when no attack had been made upon her testimony." This bill is approved by the court without qualification, and we are left to grope in the dark as to the length of time from the alleged occurrence until the circumstances were detailed to Mrs. Gainer, and whether or not the prosecuting witness met and talked with any other person before seeing Mrs. Gainer. It may be that the testimony was properly admitted as a res gestae statement, but if so the facts so showing ought to be made to appear as a part of the bill, or at least as a part of the record in the case. In the case of Johnson v. State, 21 Texas Crim. App., 368, the following rule from Wharton's Criminal Law is quoted approvingly: "In prosecutions for rape, the injured party being a witness, it is admissible to prove that she made complaint of the injury while it was recent, but the particulars of her complaint have been held not to be evidence, except to corroborate her testimony

when attacked." · In this character of case, to make the details admissible as to what the prosecuting witness said to a third person, the evidence must demonstrate that it was a res gestae statement, and in the condition this record is in it was error to permit Mrs. Gainer to detail what was told her by the prosecuting witness. On another trial, if it can be shown that it is a part of the res gestae, it will be admitted, otherwise it should be excluded.

The remarks of the county attorney complained of were inflammatory and improper, and while we would not reverse the case on this ground alone, yet on another trial he should not call the defendant a "hyena," "brute," etc.

Under the charge of the court, and the evidence of defendant, there was no alternative for the jury to do otherwise than find defendant guilty of either aggravated or simple assault. Defendant's evidence would raise the issue that he was a frequent visitor at the home of prosecutrix, and he had no improper motive; that he did not think his advances would be objectionable, and he only asked her to kiss him. On another trial the defendant's theory of the case should be submitted to the jury to be passed on by them, as well as the theory of the State. (Chambless v. State, 46 Texas Crim. Rep., 1, 79 S. W. Rep., 577.)

We do not deem it necessary to discuss the many other assignments in the record.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*