DOC WARNER v. THE STATE.

No. 3130. Decided May 20, 1914.

Rehearing granted June 3, 1914.

1.—Simple Assault—Recognizance—Reinstatement.

Where the appeal was dismissed for want of a sufficient recognizance, and a sufficient recognizance was thereafter filed, the appeal is reinstated.

2.—Same—Insufficiency of the Evidence—Charge of Court.

Where, upon conviction of a simple assault, it appeared on appeal that the court had declined to submit defendant's theory of innocent intent, the same was error.

3.—Same—Complaint—Information—Date of Offense.

Where it appeared on appeal that the affidavit was taken twenty-nine days before the offense was committed and the same error appeared in the information, the same should have been quashed on motion, as this was an impossible date.

Appeal from the County Court of Angelina. Tried below before the Hon. E. B. Robb.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*J. R. Townsend, Jr.,* and *Mantooth & Collins,* for appellant.—On question of innocent intent: Floyd v. State, 29 Texas Crim. App., 341; Koen v. State, 50 Texas Crim. Rep., 145; Acrey v. State, 51 id., 35; Brown v. State, 38 Texas, 482; Sparks v. State, 23 Texas Crim. App., 447.

On question of insufficiency of complaint: Jennings v. State, 30 Texas Crim. App., 428.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This conviction was for simple assault. The recognizance fails to recite the punishment assessed against appellant. Upon this ground the Assistant Attorney General moves to dismiss the appeal. Under the legislative prescribed form it is necessary to state the amount of the punishment in order to make a recognizance sufficient. The authorities are quite numerous, but unnecessary here to mention, which sustain the motion to dismiss.

Because the recognizance is insufficient in the respect mentioned, the appeal will be dismissed.

*Dismissed.*

ON REHEARING.

June 3, 1914.

DAVIDSON, JUDGE.—On a previous day of the term the appeal herein was dismissed for want of a sufficient recognizance. This defect

has been supplied as authorized by the statute, and, therefore, the case is reinstated and will be tried on the issues presented by the record.

The evidence for the State discloses there were several boys standing at the door of the Pine Lumber Company's place of business when appellant and another party took the alleged assaulted party, a boy, back in the house and against his will opened his pants and placed lard on his privates. . The boy says it was done without his consent, and that he was very much mortified. The defendant's theory of it was that these boys at the front of the building were playing and scuffling, and one of them was the alleged assaulted party; that the other boys had him down, his breeches unbuttoned and private parts exposed, and some of them jocularly remarked or requested him to grease it; that there was a barrel of lard close by; that he dipped his finger in it and put a little lard on it; that it was done in fun; that they were all playing, and that it was done in play, and was not offensive to the alleged assaulted party in any way, and that he had no purpose or intent to injure the boy. These are the two theories. The court submitted the State's theory, but declined to submit the defendant's theory, although presented in several ways by requested charges. These matters are mentioned in a general way so that should they occur upon another trial the defendant's theory of the case may be presented by the charges. It is not necessary here to discuss them. These charges are contained in the record, and the trial court will have them before him in the original papers on file in the County Court. The charge requested was applicable to defendant's theory of the case, and presents it legally and correctly, and should have been given.

The case, however, must be reversed and dismissed upon the insufficiency of the complaint and information. The complaint and information charge that on or about the 29th of July, 1913, this offense was committed. It was sworn to before the county attorney on the first day of July, 1913. The affidavit was taken on the first of the month, and the complaint alleges that the offense was not committed until twenty-nine days after the complaint was taken. The information charges that the offense was committed on or about the 29th day of July, 1913. Our statute requires that the offense must be committed anterior to the presentment of the information, complaint, indictment or whatever the pleading may be that charges the offense. Here the affidavit was taken twenty-nine days before the offense was committed, and the information charges also that it was committed on 29th day of July. This would be an impossible date.

The information will be held invalid, and the judgment reversed and the prosecution ordered dismissed.

*Dismissed.*