## MATTIE BOWMAN V. THE STATE.

### No. 4362. Decided February 21, 1917.

**1.—Aggravated Assault—Intent to Injure—Charge of Court.**

Where, upon trial of aggravated assault, the evidence raised the issue of unintentional injury, and the defendant submitted a requested charge upon this phase of the case which was refused by the court, the same was reversible error. Following Carrel v. State, 77 Texas Crim. Rep., 344, and other cases.

**2.—Same—Rule Stated—Intent to Injure.**

It has been held that where an intent to injure is a vital issue in the case of an assault, it is error to refuse to give instructions affirmatively submitting the defendant's theory. Following Warner v. State, 74 Texas Crim. Rep., 209, and other cases.

**3.—Same—Case Stated—Intent—Accident—Charge of Court.**

Where, upon trial of aggravated assault by an adult female upon a child, defendant's testimony raised the issue as to whether the blow was accidentally or intentionally made, this made it incumbent upon the court when properly requested to submit the issue of accident and intent to injure.

Appeal from the County Court of Haskell. Tried below before the Hon. A. J. Smith.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of intent to injure: Cromwell v. State, 60 Texas Crim. Rep., 183.

MORROW, JUDGE.—The conviction is for an aggravated assault with the punishment assessed at a fine of $25.

From the State's standpoint the facts show that the alleged injured party, Choice Woods, and appellant's son, George Bowman, two boys, were in a fight; that the mother of each of them went to the place of the difficulty and engaged in some words; that during the difficulty George Bowman had a baseball bat in his hands and Choice Woods had a brickbat; that when their mothers appeared Choice Woods dropped the brickbat and appellant took the baseball bat away from her son, and while the two mothers were engaged in a controversy the boys began to fight again, at first with their fists, and George Bowman picked up a stick. Mrs. Woods interfered, and appellant struck Choice Woods on the head with the baseball bat, knocking him down and causing blood to flow.

The appellant testified as follows: "We began quarreling and while we were, Choice drew back his brick and told George that he would kill him, and Mrs. Woods grabbed my boy at the back of the neck and was choking him; she was between me and my boy and also nearly between me and her boy. I reached out to grab her boy, Choice, to keep him from hitting my son. I was afraid he would hit him with the brick and hurt him badly. I was scared and excited, and had forgotten that I had the bat in my hand. When I reached out to grab the Woods boy I did not realize that I had the bat in my hand until it was too late to prevent it hitting him on the head. I had to reach around and a little over Mrs. Woods to reach Choice and grab him and was not conscious that the bat was in my hand until I saw it descending on the boy's head. I did not intend to hit him at all. I would not have hit him intentionally for anything. I was holding the bat in my right hand about half way of the bat and when I reached out to grab the boy the bat was in that hand and I struck him involuntarily and accidentally. The Woods boy staggered and sank down, then got up and went home. The lick I struck was a light one. The moment I saw the bat, as I reached out, I tried to stop the lick, but the bat in my hand had gone too far out of balance towards the boy for me to stop it; the lick was light."

The court gave a general charge but did not submit the issue of accident or unintentional injury. Exception was duly reserved to the

charge upon this account, and further on the ground that the issue of intent to injure should have been submitted in the charge. A special charge was requested, refused and exception duly reserved, in which the court was requested to instruct the jury that before a conviction would be authorized they must believe from the evidence that the violence was intentionally committed with an intent to injure.

The Penal Code, article 1009, expressly provides that accident or innocent intention would be a defense, and it has been held by this court in a number of cases that if the evidence raised an issue that the injury was accidental or unintentional, it is error to refuse to charge the jury upon that issue. Carrel v. State, 77 Texas Crim. Rep., 344, 178 S. W. Rep., 331; Owens v. State, 62 Texas Crim. Rep., 129; Menach v. State, 97 S. W. Rep., 503; Calhoun v. State, 71 S. W. Rep., 279. It has also been held that where an intent to injure is a vital issue in the case, it is error to refuse to give instructions affirmatively submitting the defensive theory. Warner v. State, 74 Texas Crim. Rep., 209, 167 S. W. Rep., 1109; Calliham v. State, 67 Texas Crim. Rep., 658, 150 S. W. Rep., 617; Perkins v. State, 62 S. W. Rep., 508; 2 Branch's Ann. P. C., 914, and cases cited.

The defense in this case, as developed by the appellant's testimony, raised an issue of fact as to whether she struck the blow which injured Choice Woods by accident or intentionally, and her testimony that the blow which injured the boy was given by accident made it incumbent upon the court, when properly requested, to give a charge submitting the issue of accident and intent to injure.

On account of the failure of the court to submit these issues on request of the appellant, we find it necessary to order that the judgment of the lower court be reversed and the cause remanded.

　　　　　　　　　　　　　　　　　　*Reversed and remanded.*