A. L. WINN v. THE STATE.

No. 5539.  Decided January 14, 1920.

Rehearing Granted June 16, 1920.

**Tick Eradication Law—Information—Complaint—Invalidity of Law.**

Where this appeal was dismissed for want of a proper complaint as a basis for the information, but this defect of the transcript has been cured, the cause is re-instated. However, in view of recent decisions, it is deemed unnecessary to discuss the various questions at any length, the law having been held invalid, and the judgment is therefore reversed ad dismissed. Following Ex parte Leslie, 87 Texas Crim. Rep., 476, recently decided.

Appeal from the County Court of Lamar.  Tried below before the Honorable W. L. Hutchison.

Appeal from a violation of the Tick Eradication Law; penalty, a fine of ten dollars.

The opinion states the case.

*R. L. Lattimore* and *H. B. Birmingham,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Lamar County, of the offense of failing and refusing to dip cattle, and his punishment fixed at a fine of 10.

An inspection of the record discloses an information, but no complaint.  This is fatal to this appeal.  See Sec. 520, Branch's Ann. Penal Code, and authorities cited.

The information in the record shows that it was filed on April 12, 1919, and alleges that the offense was committed on May 12, 1919, which is a month subsequent to the date of the filing of said information.  This would be an impossible date, and is also fatal to the prosecution.

The judgment of the trial court is reversed, the cause remanded, and the prosecution ordered dismissed.

*Dismissed.*

ON REHEARING.

June 16, 1920.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the judgment herein was reversed and dismissed for want of a complaint as a predicate for the information.  This defect in the transcript has been cured.  The cause will be re-instated.

The conviction occurred under what is popularly known as the Tick Eradication Law. There are quite a number of questions suggested for reversal. In view of what was said in Ex parte Leslie, 223 S. W. Rep., 227; recently decided, it is deemed unnecessary to discuss the various questions at any length, and this case, therefore, will be disposed of under that decision. The Leslie case decides this law to be invalid for reasons stated in the opinion. On that decision this judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*