Bob Carver v. The State.

* No. 6386. Decided November 30, 1921.

**Aggravated Assault—Complaint—Information—Variance—Rule Stated.**

Where, upon trial of aggravated assault, the date of the offense laid in the complaint was an impossible one, and there was a variance between the alle-

gations of the date of the offense in the complaint and the information, the conviction cannot be sustained, and the judgment is reversed and the cause remanded.

Appeal from the County Court of Comanche. Tried below before the Honorable F. J. Reese.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.

The opinion states the case.

*Callaway & Callaway,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for aggravated assault; punishment fixed at a fine of $500.

The complaint alleges the date of the offense at an impossible date, namely, the 20th of December, 19120.

The information states the date of the term of court as January, 19120 and the date of the offense December 20, 1920.

Touching errors of this character, this court, at an early date, said:

"It is better that the judgment should be reversed than to establish such a precedent or encourage carelessness in the preparation of so important a part of the record to be brought to this court as the indictment."

The necessity that the date of the offense charge 1 in the complaint and information must correspond has been frequently declared. Hoerr v. State, 4 Texas Crim. App., 75; Lackey v. State, 53 Texas Crim. Rep., 459; Winn v. State, 87 Texas Crim. Rep., 485, 223 S. W. Rep., 230.

Where the date of the offense is laid at an impossible date, or where there is a variance between the allegation of the date of the offense in the complaint and information, this court has uniformly refused to sanction the conviction. Donaldson v. State, 15 Texas Crim. Rep., 30; Clement v. State, 22 Texas Crim. Rep., 25; Harwell v. State, 65 S. W. Rep., 521; Collins v. State, 5 Texas Crim. App., 37; and citations thereof in 4 Rose's Notes on Texas Rep. (2 ed.), p. 1215.

Because of the impossible date and variance referred to, the judgment is ordered reversed and the prosecution dismissed.

*Reversed and dismissed.*