## L. O. NELSON V. THE STATE.

No. 17101. Delivered January 16, 1935.
Appeal Reinstated February 27, 1935.

The opinion states the case.

*Jack R. Todd,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment assessed being a fine of $100 and confinement in the county jail for one year.

The record contains no final judgment, and no such notice of appeal as the statute demands.

There is in the transcript what appears to be a copy of a sheet from the court's trial docket, which, if it could be considered, would indicate that the court tried appellant without a jury and assessed the punishment indicated, and also that counsel for appellant gave notice of appeal. Neither of the entries are shown to have been carried forward in the minutes of the court. See Article 827, C. C. P.; Bryson v. State, 20 S. W. (2d) 1047.

Because of the defects in the record as pointed out the appeal must be dismissed, and it is so ordered.

*Dismissed.*

### ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Velma Barrow, who was 13 years of age, testified that she saw appellant on the 4th day of May, 1934, on the bridge at the docks in Corpus Christi as she was returning home from school; that he called her to his car, saying that he had something to show her; that after she got in the car they drove behind a cement wall on the west side of the bridge; that appellant put his finger in her female organ; that she told him if he did not desist she would scream; that he asked her to meet him that night at eight o'clock; that she finally got out of the car and walked on toward home; that when she had gotten about four blocks away from appellant's car, C. G. Jones caught up with her and asked her what had happened; that she told him appellant had put his hand on her leg and tried to make a date with her. Jones testified to having seen appellant and Velma Barrow together on the occasion in question. Fifteen or twenty minutes after she left the automobile he overtook her, and asked her what had happened. She replied that appellant had put his hand under her dress and tried to make date with her for that night.

Appellant testified that he was 51 years of age and was married; that on the occasion of the alleged assault he was parked near the north end of the bridge for the purpose of watching the fishermen; that he knew Velma Barrow by sight and when he saw her he asked her if she wanted to ride home with him in his automobile; that he went around behind the concrete protection wall with her for the purpose of seeing if any fish were being caught; that she told him that she did not want to ride home with him, as her mother might punish her; that he did not place his hand on her person and did not molest her in any manner. It was uncontroverted that appellant's general reputation as a peaceable and law-abiding citizen was good.

Two bills of exception are brought forward. The first one complains of the action of the court in permitting Velma Barrow to testify that after she had walked four blocks away from the automobile on her way home she stated to C. G. Jones, who had followed her and questioned her, that appellant had put his hand under her dress and asked her for a date. The other bill relates to appellant's objection to the testimony of Jones to the effect that after Velma Barrow had walked four blocks away from the car, and within fifteen or twenty minutes after she left said car, he overtook her and asked her what had happened. She replied that appellant had placed his hands on her in an indecent manner, etc. We think said bills reflect

reversible error. The issue was sharply drawn. If Velva Barrow's version were true, appellant was guilty of indecent familiarity with her person. If appellant were to be believed, he did not lay hands on her. The declaration added strength to her testimony by showing that she detailed the same facts to Jones on the day of the alleged occurrence. It was not shown that she was agitated. On the contrary we think it appears that such declarations were not spontaneous, but constituted a narration of past occurrences. From Branch's Annotated Penal Code, section 1576, the following is taken: "In a prosecution for aggravated assault, proof of recent complaint of the female, unless a part of the res gestae, is not admissible as original evidence for the State." See also Porterfield v. State, 141 S. W., 968; Calliham v. State, 150 S. W., 617.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.