## BUFORD TATUM V. THE STATE.

No. 19495.  Delivered March 16, 1938.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment assessed being one year in the penitentiary.

The jury found that the assault was committed without malice aforethought.

The evidence supports the verdict and it becomes unnecessary to state any facts as the only bill of exception relates to the formation of the jury.

The record reflects that appellant and his brother (George Tatum) and Fox Hooper were jointly indicted for assault with intent to murder Charlie Miller. The bill of exception shows that appellant requested and was granted a severance and George Tatum and Fox Hooper were placed on trial on the 11th day of August. They were found guilty and the punishment of each was assessed at five years in the penitentiary, with recommendation for suspended sentence. The next week of the same term of court appellant was placed on trial, and upon the voir

dire examination of the jury for the week the district attorney asked if any of said jurors had heard anything about the case. One of the jurors—Mr. Barr—indicated that he had heard something about it, and upon further inquiry from the district attorney said he had been in the courtroom the week before and heard part of the evidence while appellant's coindictees were being tried, and said he had "heard the testimony of the two who were convicted," referring to George Tatum and Fox Hooper. The juror in question was excused. What he had said in reply to the district attorney's question was in the presence of and was heard by the other jurors for the week. Appellant immediately requested leave to withdraw his announcement and moved the court to postpone the case upon the ground that the jury had learned of the conviction of appellant's coindictees, which fact it was claimed would cause them to believe that appellant was also guilty. The court declined to grant appellant's motion and request, and required him to proceed with the selection of a jury from the panel then present. It appears from the court's qualification to the bill that Mr. Barr was not asked, nor did he relate the evidence he had heard upon the trial of the other parties, and the other jurors were not examined by appellant's counsel to ascertain what impression, if any, had been made upon their minds by the information that the other parties had been convicted, nor whether they had formed any opinion as a result thereof.

It has been repeatedly held that a juror's knowledge of the conviction of an accused's codefendant will not disqualify the juror even though he may have heard the evidence on the trial which resulted in such conviction unless from such evidence he had formed an opinion as to accused's guilt which might influence his verdict. Thompson v. State, 19 Texas Crim. App. 593; Pierson v. State, 21 Texas Crim. App. 14; Peddy v. State, 31 Texas Crim. Rep. 547; Sanchez v. State, 90 Texas Crim. Rep. 518, 236 S. W. 734. It appears from the holdings in the cases mentioned that Mr. Barr himself would not have been subject to challenge from the mere fact of having heard some of the evidence in the former trial, and knowing the result thereof, much less, therefore, can it be said that other jurors who had not heard any of the evidence on the trial of appellant's codefendants, but only knew they had been convicted, should have been dismissed by the court and held ineligible for service as jurors in the present trial.

The judgment is affirmed.