A. M. DRAYTON v. THE STATE.

No. 20,629. Delivered November 29, 1939.
Rehearing Granted January 17, 1940.

The opinion states the case.

*H. M. Hood* and *Jos. H. Aynesworth,* both of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape; the punishment assessed is confinement in the State penitentiary for a term of five years.

We do not deem it necessary to set out and discuss the evidence further than to say we deem it amply sufficient to sustain the conviction.

Appellant has a number of bills of exceptions in the record. All of these seem to have been filed too late to be considered by us. The motion for new trial was overruled and notice of appeal was given on April 1, 1939. Sixty days were allowed within which to file a statement of facts and bills of exceptions. This period expired on May 31, 1939. On May 22, 1939, the trial judge extended the time within which the statement of facts might be filed, but this order did not include the bills of exceptions. His bills were not filed until June 30, or approximately 30 days after the 60 day period within which they might properly have been filed. Consequently they were filed too late to be considered by us. The indictment is sufficient to charge the offense and procedural matters appear to be in proper order. Appellant's objections to the court's charge are without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for rehearing, has convinced us that his bills of exception should be considered. The showing made, supported by affidavits and other documents, leads us to the conclusion that the failure to file them within the original 60 days granted by the court was not due to any want of diligence on his part and that the subsequent extension of an additional 30 days (in which the court failed to include bills of exceptions) was not due to negligence on his part. It appears from the motion that when the court granted the original 60 day period in which to file a statement of the facts and bills of exceptions, the court reporter advised him that he could not possibly get out the same within that period of time. Thereupon the court stated that if such a contingency arose, he would, of his own motion, extend the time for the filing of the same by the grant of another additional period of 30 days. Before the expiration of said 60 days, the court did make an order extending the time. He had the order filed with the clerk of the court and so notified the appellant's attorney. But he failed to include in said last named order the extension for the bills of exceptions. It appears from the record that it was the understanding of appellant's attorney with the court (at the time of granting of the original 60 day period for the filing of said statement of facts and bills of exceptions) that if the reporter could not get out the statement of facts, together with the statement of facts proved upon the hearing of the amended motion for new trial, giving them the data of all that transpired upon the hearing, including a colloquy between the attorneys and the court, so as to show in detail all that transpired at the time, the time would be extended as aforesaid and a full bill would be allowed him. It occurs to us that from what transpired at the hearing of the motion for new trial, that appellant and his attorney were led to believe that the court would not only extend the time for the filing of the statment of facts, but also the bills of exceptions, and when he notified them that he had made the order, they were led to believe that the order included bills of exceptions, for the reason that the court reporter could not transcribe the proceedings in detail so as to give appellant a true and complete report thereof from which to prepare his bill of exceptions.

It appears from bill of exception number nine that the jury, after their retirement and while considering their verdict, discussed among themselves not only the evidence submitted to

them. under the ruling of the court, but the fact that appellant had served a term in the State penitentiary of Oklahoma; that he had theretofore boasted that he had beat a rape case in Kansas and one in Oklahoma. It appears that when the State sought to elicit such testimony, the defendant objected and the court sustained the objection and in his charge instructed the jury only to consider the facts and circumstances in evidence and not to consider or receive from any source facts or circumstances that were not produced from testimony before them. Consequently the jury discussed matters not in evidence and which were highly prejudicial to the rights of appellant. The effect of this discussion on the penalty assessed against the appellant is a matter upon which we cannot speculate. Taylor v. State, 299 S. W. 402 and authorities.

Inasmuch as we are reversing the cause, we deem it proper to state that we are of the opinion that bill of exception number eight, which complains of the testimony of O. B. Ellis, a deputy sheriff, as to what prosecutrix told him relative to the unpleasant affair some 20 hours after its occurrence and after she had talked to several parties about it early the next morning, reflects error. This testimony was not admissible as res gestae. It was a narration of a past event in response to questions propounded to her, and lacked that character of spontaneity which would bring it within the purview of the res gestae rule. See Porterfield v. State, 141 S. W., 968; Nelson v. State, 79 S. W. (2d) 1096; Heidensfelder v. State, 81 S. W. (2d) 510.

The motion for a rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.