## MINNIE MATTERSON V. THE STATE.

No. 22051. Delivered April 8, 1942.

The opinion states the case.

*Jack Varner,* of Nacogdoches, *H. H. Wellborn,* of Henderson, and *Geo. S. Meisenheimer* and *C. C. Denman,* both of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of murder. The punishment assessed is confinement in the State penitentiary for a term of eight years.

This is the second appeal in this case. The opinion delivered by this court on the former appeal may be found reported in (142 Texas Crim. Rep. 250) 152 S. W. (2d) 352. The facts proven on the trial from which this appeal is being prosecuted do not, in our opinion, differ in any material matter from those adduced on the former trial.

Appellant brings forward but one bill of exception in which she complains of the trial court's action in overruling her motion for a new trial based on the ground of misconduct of the jury in that the members thereof, after having retired to consider their verdict and before having agreed upon a verdict, discussed the fact that at the former trial she was convicted and her punishment assessed at confinement in the State penitentiary for a period of thirty-five years.

To the motion appellant attached the affidavit of juror, W. H. Haltom, who, in substance, averred that he was a member of

the jury who tried appellant; that there was no evidence introduced by the State or defendant as to the penalty assessed against her by the jury on the former trial; that before they reached a verdict and during their discussion of the evidence, some of the jurors wanted to assess her punishment at two years and others wanted to give her five years. However, before they reached a verdict some of the members of the jury stated that she had been given thirty-five years in the penitentiary on the previous trial of this case; that this matter was discussed in the presence and hearing of the entire jury; that several members of the jury commented thereon. This motion was not controverted by the State. Upon the hearing the attorneys for the State testified that neither the State nor the defendant introduced any evidence as to the result of the former trial or as to the penalty awarded her by the jury. The State offered no evidence to controvert the affidavit of the juror or any of the testimony introduced by appellant in support of the averments in her motion. The court overruled the motion, to which she timely excepted. Article 753, sec. 7, Vernon's Ann. C. C. P., requires that a new trial shall be granted where it is shown that the jury after having retired to deliberate on the case, has received other testimony. It appears from the record that the jury not only received other testimony and discussed the same but disobeyed the instruction from the court not to do so. This constitutes reversible error which requires a reversal of the judgment. In support of our conclusion, we refer to the following authorities: Drayton v. State, 138 Tex. Cr. R. 264, 135 S. W. (2d) 703; Lankster v. State, 43 Tex. Cr. R. 298; McDougal v. State, 81 Tex. Cr. R. 179; Casey v. State, 51 Tex. Cr. R. 433; Horn v. State, 50 Tex. Cr. R. 404.

Having reached the conclusion that the careful trial court fell into error in declining to grant a new trial, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.