**D. B. HUNTER, Appellant, v. STATE of Texas, Appellee.**

No. 26080.

Court of Criminal Appeals of Texas.

Nov. 5, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is violation of fishing laws; the punishment, a fine of $100.

Accompanying the record is an affidavit in proper form, executed by appellant, requesting the dismissal of the appeal.

The request is granted, and the appeal is dismissed.

---

**CHADWICK v. STATE.**

No. 25990.

Court of Criminal Appeals of Texas.

Oct. 29, 1952.

C. S. Farmer, Waco, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of whiskey in a dry area for the purpose of sale; the punishment, six months' confinement in jail and a fine of $500.

The complaint and information herein charge the offense to have occurred on the "7th day of March, 19452."

We cannot presume against the accused that the State meant something other than what they plead.

"The allegation of an impossible date as the date of the commission of the offense will render the indictment, information or complaint fatally defective." Branch's Ann.P.C., Sec. 434, p. 230.

Judgment is reversed and the prosecution ordered dismissed.

---

**Thomas DORAN, Appellant, v. STATE of Texas, Appellee.**

No. 25991.

Court of Criminal Appeals of Texas.

Oct. 29, 1952.

C. S. Farmer, Waco, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

The question herein submitted is identical with that presented in Chadwick v. State, Tex.Cr.App., 252 S.W.2d 165.

For the reasons therein stated, the judgment is reversed and the prosecution ordered dismissed.