## Ex parte Lloyd Lawrence LEGG.

### No. 59100.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 18, 1978.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

 This is a post conviction writ of habeas corpus proceeding. Art. 11.07, V.A. C.C.P. The petitioner was convicted on June 18, 1970, in Taylor County for committing the offense of burglary, in Cause No. 10,566A. The indictment alleges that the offense was committed on or about the 5th day of June, 1970, but the indictment was returned and filed on the 8th day of May, 1970. Since the date alleged is an impossible date the indictment is fundamentally defective. See *Moreno v. State,* 375 S.W.2d 309 (Tex.Cr.App.1964); *Chadwick v. State,* 252 S.W.2d 165 (Tex.Cr.App.1952); *Carver v. State,* 90 Tex.Cr.R. 342, 235 S.W. 211 (1921); *Warner v. State,* 74 Tex.Cr.R. 209, 167 S.W. 1109 (1914). The validity of a fundamentally defective indictment may be challenged in a post conviction writ of habeas corpus. *Ex parte Fontenot,* 550 S.W.2d 87 (Tex.Cr.App.1977).

 Although the appellant has served the sentence imposed in Cause No. 10,566A, he is now imprisoned by the Department of Corrections serving time on subsequent sentences. The petitioner alleged that the relief he seeks is not moot because the collateral consequences of his conviction "adversely affect his prospects for pardon and parole and his classification and treatment in prison." Mootness cannot prohibit a collateral attack if prior convictions that have been discharged may have serious collateral

consequences to a criminal defendant. *Ex parte Guzman,* 551 S.W.2d 387 (Tex.Cr.App. 1977).

The relief sought is granted. The conviction in Cause No. 10,566A in Taylor County is set aside and the indictment is ordered dismissed.

DOUGLAS, J., dissents.