**Ex parte Jimmy Dale CHANCE, Appellant.**

No. 64306.

Court of Criminal Appeals of Texas, En Banc.

July 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On August 16, 1979 petitioner was convicted of burglary of a building in Cause No. 27,752 in the 27th District Court of Bell County. Petitioner urges that his conviction must be set aside because the indictment in the cause alleges an impossible date. The trial court has filed findings of fact and conclusions of law supporting petitioner's claim. We agree that petitioner is entitled to relief.

The indictment was filed on June 20, 1979. It alleges that petitioner committed the offense on December 25, 1979. An indictment that alleges an impossible date is fundamentally defective. *Ex parte Legg*, 571 S.W.2d 930 (Tex.Cr.App.1978); *Moreno v. State*, 375 S.W.2d 309 (Tex.Cr.App.1964); *Warner v. State*, 74 Tex.Cr.R. 209, 167 S.W. 1109 (1914, Opinion on Motion for Rehearing).

Although the record indicates that the State attempted to amend the date alleged in the indictment on the day of trial, it was without authority to do so. This Court has long held that the alleged date of the commission of the offense is a matter of substance, and cannot be amended. *Kirkendall v. State*, 78 Tex.Cr.R. 168, 180 S.W. 676 (1915); *Mealer v. State*, 66 Tex.Cr.R. 140, 145 S.W. 353 (1911, Opinion on Motion for Rehearing); *Huff v. State*, 23 Tex.App. 293, 4 S.W. 890 (1887); *Drummond v. State*, 4 Tex.App. 150 (1878). See Art. 27.08, V.A.C.C.P.

The relief sought is granted. The indictment and conviction in Cause No. 27,752 are set aside, and the prosecution is ordered dismissed.