Dillard MILLS, Appellant,

v.

STATE of Texas, Appellee.

No. 07–81–0017–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 4, 1981.

Rehearing Denied Dec. 28, 1981.
Discretionary Review Refused
March 31, 1982.

Metze & Glazner, Larry Glazner, Levelland, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant, Dillard Mills, appeals from a conviction for the offense of aggravated rape. Punishment was assessed by the jury at imprisonment for ninety-nine years. We affirm.

The first ground of error asserted by Appellant is that the trial court erred in "refusing to grant Appellant permission to make bond which prejudiced Appellant's rights and prohibited him from assisting counsel in preparation of his defense." Bond had been set in the instant case in 1978; however, while the indictment was pending, Appellant was convicted and incarcerated in the state of New Mexico. He was returned from the New Mexico penitentiary under the Interstate Agreement on Detainers Act. Tex.Code Crim.Pro.Ann. art. 51.14 (Vernon 1979). Upon his return to Texas, the court refused to set bond, giving rise to this ground of error.

A review of Article 51.14 reveals that it applies when a person has *entered upon a term of imprisonment in a penal or correctional institution* of a party state, there is pending in any other party state an untried indictment upon which a detainer has been lodged, and a request is made by the prisoner for a final disposition of the untried indictment. The act prescribes mechanics for return, and deadlines for trial in detail not material to the disposition of this case. The provisions of the act pertinent to the case at bar are Article 5, subsections (d) and (g). Article 5(g), *inter alia*, provides:

For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state. . .

Article 5(d) provides:

The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. *Except for his attendance at court and while being transported to or from any place at which his presence may be required, the prisoner shall be held in a suitable jail or other facility regularly used for persons awaiting prosecution.* (Emphasis added).

The language of the act establishes quite clearly that it applies only to persons already convicted and incarcerated. Permanent custody remains in the state in which the incarceration occurs. Further, the wording of Article 5(d) plainly contemplates continued confinement in a "jail or other facility." No bail is authorized or intended by the act.

█ In arguing error, Appellant cites the Texas Constitution, art. I, § 11–11a, Article 17.21 Tex.Code Crim.Pro. (Vernon 1966), *Ex Parte Miles*, 474 S.W.2d 224 (Tex. Cr.App.1971), *Ex Parte Lackey*, 559 S.W.2d 823 (Tex.Cr.App.1977) and *Ex Parte Wilson*, 527 S.W.2d 310 (Tex.Cr.App.1975). None of these authorities are applicable to the instant case. The right to bail under the Texas Constitution applies only to prisoners prior to conviction. *E.g., Ex Parte Laday*, 594 S.W.2d 102, 103 (Tex.Cr.App.1980). Appellant admitted he had been convicted and incarcerated in the state of New Mexico. Custody continued in that state except for the limited purpose allowed by the statute. The cases and authorities cited by Appellant are distinguishable because all deal with the right to bail prior to conviction. Appellant had no constitutional or statutory right to bail in this instance, and his ground of error one is overruled.

█ By his second ground of error, Appellant alleges the trial court "fundamentally erred in failing to charge on Appel-

lant's defense." He argues he raised the affirmative defense of consent by taking the stand and testifying to an "agreed relational arrangement." The trial court's failure to give an affirmative submission of this defense, even though not objected to, he contends, was fundamental error.

We need not reach the question of fundamental error in this case. The Court of Criminal Appeals has specifically held that lack of consent in a rape case is an essential part of the state's case. Where the trial court has properly charged on the offense and the state's burden of proof, failure to give an instruction on the defensive theory of consent is not error. *Moon v. State*, 607 S.W.2d 569, 570 (Tex.Cr.App.1980).

In ground of error three, Appellant alleges error for failure to grant a motion for mistrial "when a juror made reference to trial of co-defendant on voir dire which prejudiced Appellant's rights." During voir dire examination of the jury panel, the State's attorney gave a brief summation of what he expected the evidence to show. Included in this was his expectation that it would be shown that the complaining witness was assaulted by the Appellant and another man. He then asked the question, "Have you heard this case discussed prior to what I have told you now?" To this question, a member replied, "I was on that other jury." No other statements were made. The juror was immediately excused. There was no reference as to who was tried in the other case or the result.

Our Court of Criminal Appeals has repeatedly held that a juror's knowledge of the conviction of an accused's codefendant would not disqualify him, even though he may have heard the evidence on the trial which resulted in the conviction, unless he formed an opinion which would influence his verdict. *E.g., Tatum v. State*, 134 Tex.Crim. 142, 114 S.W.2d 882 (1938). This being the rule, it could hardly be said that what occurred here was prejudicial to Appellant. *Barton v. State*, 172 Tex.Crim. 600, 361 S.W.2d 716 (1962), and *Abels v. State*, 489 S.W.2d 910 (Tex.Cr.App.1973) relied upon by Appellant, may readily be dis-

tinguished. Both of those cases refer to the admission before a jury of the outcome of another case. The exchange complained of did not have that effect. Appellant's ground of error three is overruled.

In ground of error four Appellant alleges error in receiving "prejudicial hearsay testimony, over Appellant's timely objection, as res gestae." He argues the lapse of time between the act and the utterance deprived the statement of the spontaneity required for its admissibility.

The prosecutrix testified that the rape occurred during the night in a pickup truck while the truck was stuck in a farm road ditch. The record reveals that both Appellant and his companion, Tommy Dodson, were armed. The next morning after the truck was pulled out of the ditch, Appellant and his companion took the victim to Appellant's mother's house. In that house were Appellant's mother and Dodson's wife. At that time, Dodson and his wife left the house. The victim remained at the house until the arrival of two deputy sheriffs, who asked her to step out to their car with them. At that time, in response to a question, she said "[T]hey hurt me.... [T]hey hurt me bad." This is the statement complained of by appellant and admitted by the court as res gestae of the offense.

It is true, as pointed out by Appellant, that the statement was made some six to eight hours after the rape occurred. However, we note that during the entire period of time, from the rape until asked by the officers to step outside, the complaining witness was in the presence of Appellant, who was armed. In addition, during most of that period of time she was in the presence of Appellant's companion, Tommy Dodson, who was also armed. Further, the statement was made almost immediately after the victim had left the presence of Appellant and while she was in a highly emotional state. It is true that, for a statement to be admissible as res gestae, it must be substantially contemporaneous with the principal occurrence. The time element, however, is not the controlling factor. The controlling factor is whether the statement

**586**

or declaration was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection. *Fisk v. State*, 432 S.W.2d 912, 914–15 (Tex.Cr.App.1968). In this case, the statement of a frightened girl, made immediately after she left her armed assailant, satisfies all requirements, and was properly admitted into evidence. *Haley v. State*, 157 Tex.Crim. 150, 247 S.W.2d 400 (1952). *Drayton v. State*, 138 Tex.Crim. 264, 135 S.W.2d 703 (1939), cited by Appellant may readily be distinguished. In *Drayton*, the statement was not only made twenty hours after the occurrence but after the declarant had talked to several parties, prior to the declaration. *Id.* 135 S.W.2d at 704. Ground of error four is overruled.

The judgment of conviction is affirmed.