COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-113-CR
 
 
LESLIE 
JOE GARRETT                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Leslie Joe Garrett appeals from his conviction by a jury for the offense of 
possession of a controlled substance with intent to deliver.  See Tex. Health & Safety Code Ann. § 
481.112 (Vernon 2003).  In four points, he argues that (1) the trial court 
erred in proceeding with a defective charging instrument, (2) the evidence is 
legally insufficient to support his conviction for possession with intent to 
deliver a controlled substance, (3) the evidence is factually insufficient to 
support his conviction for possession with intent to deliver a controlled 
substance, and (4) the trial court improperly admitted punishment evidence.  
Because we hold that the evidence is legally insufficient to prove intent to 
deliver, we reform the judgment to reflect conviction of the lesser-included 
offense of possession and affirm the judgment of guilt as reformed.  We 
reverse the judgment as to punishment and remand the case for a new hearing on 
punishment.
Facts
        Aikeysha 
Callandret lived at 1900 Bernard Street in Denton, Texas with her two children 
and her mother, Althea Parker.  On November 5, 2002, Denton police used an 
informant to make a “controlled buy” of crack cocaine from Callandret at her 
Bernard Street residence.  Two days later, police executed a search warrant 
on the residence after conducting a second controlled buy.  Appellant was 
at the residence during both controlled buys.
        As 
part of the warrant’s execution, an “entry team” attempted to enter the 
house by using a battering ram to break down the front door.  Because the 
front door was heavily fortified, the entry team was unable to break it down 
despite several attempts.  Instead, they had to enter through a window to 
the left of the front door.
        Officer 
Keith Olsen was instructed to “port and cover” the bathroom window while the 
entry team entered the house.  According to the plan, just before the entry 
team entered the house, Officer Olsen was to break the bathroom window and cover 
the bathroom to make sure no one flushed evidence down the toilet.  Officer 
Olsen testified that he was a few seconds late getting to the bathroom window.  
He rushed to the window after he heard the entry team attempting to enter 
through the front door and saw the bathroom light come on.  Officer Olsen 
broke the window with his rifle and saw appellant and Callandret throwing 
cellophane baggies into the toilet.  Officer Olsen testified that he 
ordered appellant and Callandret back and that he had to push appellant back 
after appellant attempted to flush the toilet.  Police arrested appellant 
and Callandret and recovered from the toilet several baggies containing a total 
of 9.4 grams of a substance containing crack cocaine.
        In 
addition to the crack cocaine recovered from the toilet, police recovered two 
baggies of crack from other rooms in the house.  Police also found in the 
house two baggies of marijuana, a soft case containing marijuana-laced cigars, 
three baggies of ecstasy tablets, a digital scale, a knife with residue, 
currency, and a handgun with ammunition.  Police found three baggies of 
crack cocaine and currency on Callandret.
        Appellant 
was charged with possession with intent to deliver a controlled substance, 
cocaine, in an amount of four grams or more but less than two hundred grams by 
aggregate weight including any adulterants or dilutants.  The original 
indictment was filed August 14, 2003 and listed an offense date of November 7, 
2003.  On December 18, 2003, the State filed a notice of intent to use a 
prior felony conviction for enhancement purposes, alleging a prior conviction 
for burglary of a habitation on July 11, 2000.  Five days later, the State 
filed a notice of intent to use evidence of other crimes, wrongs, or acts 
pursuant to article 37.07, rule 404(b), or rule 609(f), alleging, among other 
things, the same burglary conviction alleged earlier but with an offense date of 
July 11, 1999 and a correct conviction date of January 13, 2000.
        Appellant 
filed a motion to quash the indictment on January 20, 2004, complaining about 
the impossible offense date of November 7, 2003 alleged in the original 
indictment and the manner in which the State sought to amend the indictment by 
adding the enhancement allegation.  At the first of two hearings on 
February 6, 2004, the trial court took appellant’s motion under advisement and 
gave the State a chance to amend the indictment.  Noting that appellant was 
entitled to ten days’ notice of an amendment to the indictment, the State 
announced that when the trial court heard its motion to amend later that day, it 
would urge the trial court to hold appellant’s bond insufficient pursuant to a 
motion the State claimed it had filed earlier.[1]  
Rather than risk going to jail, appellant chose to waive his ten days’ notice 
and proceed with the original February 9 trial date.
        At 
the second hearing on February 6, the State filed a motion to amend the 
indictment to include the correct offense date and an enhancement paragraph.  
Appellant again objected, arguing that the indictment was fundamentally 
defective and should be quashed and, in any event, the indictment should be 
amended only by physical alteration of the indictment itself.  The trial 
court instead granted the State’s motion to amend and entered an order stating 
that the indictment was amended as set forth in the order and setting forth the 
amendment that contained the same language from the original indictment but with 
a correct offense date of November 7, 2002 and with an enhancement paragraph 
alleging a prior conviction for burglary of a habitation on the correct date of 
January 13, 2000.
        On 
February 9, 2004, the State moved for a continuance because the prosecutor was 
sick.  The trial court granted the motion and reset the trial for March 1.  
Appellant again objected to the indictment and asked for a ruling on his motion 
to quash.  The court denied the motion as moot.
        On 
March 1, before he was arraigned, appellant again objected to the indictment.  
The trial court responded that appellant was being arraigned from the amended 
indictment and overruled appellant’s objection.  Both the State and 
appellant requested that the trial court include in its charge to the jury the 
lesser included offense of possession of a controlled substance.  The trial 
court refused the requests and submitted a charge with no lesser included 
offenses.
        The 
trial court, in its written charge and presumably in its oral charge to the 
jury,[2] gave the incorrect offense date of November 
7, 2003, the date in the original indictment.  The court twice called the 
jury back from deliberating to correct the error.  The jury found appellant 
guilty and assessed his punishment at twenty years’ confinement.
Indictment
        In 
his first point, appellant argues that the trial court erred in proceeding with 
a defective charging instrument.  He contends that because the indictment 
was fundamentally defective, the trial court erred when it denied his motion to 
quash.  In the alternative, appellant argues that the process by which the 
indictment was amended was improper because the State did not first get approval 
from the trial court before amending the indictment and because the State’s 
motion to amend did not contain the signature of the grand jury foreman.
        Before 
1985, an error in an indictment could not be amended if the error related to a 
“matter of substance.”  See Ex parte Chance, 601 S.W.2d 356, 356 
(Tex. Crim. App. 1980) (holding that indictment alleging an impossible date had 
to be dismissed because the alleged date of the offense is a matter of 
substance).  In 1985, the Texas Legislature amended article 28.10 of the 
Texas Code of Criminal Procedure to allow amendments to matters of form or 
substance.  See Tex. Code 
Crim. Proc. Ann. art. 28.10(a) (Vernon 1989).  However, article 
28.10(c) provides that an indictment may not be amended over the defendant’s 
objection “if the amended indictment or information charges the defendant with 
an additional or different offense or if the substantial rights of the defendant 
are prejudiced.”  Id. art. 28.10(c).
        Here, 
appellant cites no case in which an amendment to the date of the alleged offense 
or to the date of a conviction alleged in an enhancement paragraph is held to 
either charge a defendant with an additional or different offense or prejudice 
his substantial rights.  Moreover, in Valenti v. State, we held that 
the trial court properly amended an indictment that had an incorrect conviction 
date in the enhancement paragraph. 49 S.W.3d 594, 598 (Tex. App.—Fort Worth 
2001, no pet.).  Therefore, we hold the trial court did not err in refusing 
to quash the indictment and allowing the State to amend.
        Appellant 
also argues that the process by which the indictment was amended contravened 
existing law.  Specifically, he complains that the State did not obtain the 
trial court’s approval before amending the indictment and that the State’s 
motion to amend was not signed by the foreman of the grand jury.  See Tex. Code Crim. Proc. Ann. arts. 21.02, 
28.11 (Vernon 1989).
        Here, 
the State filed a motion to amend the indictment, and the trial court entered an 
order granting the motion and setting out the language of the original 
indictment but with a corrected offense date and with an enhancement paragraph.  
We conclude that by entering the order granting the State’s motion to amend 
the indictment, the trial court gave its approval as required by article 28.11.  
See id. art. 28.11.  Moreover, article 21.02 does not require 
that the grand jury foreman sign the State’s motion to amend, only that he 
sign the original indictment.  Id. art. 21.02; see also Riney v. 
State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (holding that amended 
indictment did not require grand jury foreman’s signature).  Therefore, 
we hold that the indictment was properly amended, and we overrule appellant’s 
first point.
Sufficiency
        In 
his second and third points, appellant argues that the evidence is legally and 
factually insufficient to support his conviction for possession with intent to 
deliver.  Appellant complains that the State (1) failed to prove that 
appellant had the intent to deliver, (2) failed to prove any of the substances 
recovered from the toilet were controlled substances, (3) failed to link any 
quantity of the substances to appellant, and (4) failed to prove any amount by 
aggregate weight including adulterants or dilutants.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight 
and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000).  Thus, when performing a legal sufficiency review, we may not 
re-evaluate the weight and credibility of the evidence and substitute our 
judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 
740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We 
must resolve any inconsistencies in the evidence in favor of the verdict.  Curry 
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
        In 
determining the legal sufficiency of the evidence to show appellant's intent, 
and faced with a record that supports conflicting inferences, we “must 
presume—even if it does not affirmatively appear in the record—that the 
trier of fact resolved any such conflict in favor of the prosecution, and must 
defer to that resolution.”  Matson v. State, 819 S.W.2d 839, 846 
(Tex. Crim. App. 1991).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  “This standard 
acknowledges that evidence of guilt can ‘preponderate’ in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt.”  Id. at 485.  In other words, evidence 
supporting a guilty finding can outweigh the contrary proof but still be 
insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence.  
Id. at 484, 486-87.  An opinion addressing factual sufficiency must 
include a discussion of the most important and relevant evidence that supports 
the appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 
600, 603 (Tex. Crim. App. 2003).
Intent to Deliver
        Appellant 
argues the evidence is legally and factually insufficient to prove that he 
possessed the crack cocaine with an intent to deliver.  We agree.  
Intent to deliver may be proven by circumstantial evidence.  See Jordan 
v. State, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.); Williams 
v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. 
ref’d).  Courts have considered several factors in determining intent, 
including (1) the nature of the location where the defendant was arrested, (2) 
the quantity of drugs the defendant possessed, (3) the manner of packaging of 
the drugs, (4) the presence or absence of drug paraphernalia (for use or sale), 
(5) whether the defendant possessed a large amount of cash in addition to the 
drugs, and (6) the defendant’s status as a drug user.  Jordan, 139 
S.W.3d at 726.
        Here, 
Callandret lived in the house where appellant was arrested.  Callandret 
sold the informant crack cocaine during the two earlier controlled buys.  
The State offered no evidence linking appellant to the residence other than his 
mere presence, nor any evidence that appellant had currency or contraband on him 
when he was arrested.  However, police did find currency and bags of crack 
cocaine on Callandret when she was arrested.  The State offered no evidence 
linking appellant to the various items of evidence found throughout the house or 
to the automobiles parked outside the house.  Police testified that 
appellant did not appear to be under the influence of narcotics when he was 
arrested.
        Police 
observed appellant and Callandret attempting to destroy several bags of crack 
cocaine by flushing them down the toilet.  In addition, appellant was and 
had been present in a house where drugs were sold.  While this evidence is 
sufficient to show appellant possessed crack cocaine, it does not prove he had 
the intent to deliver.  The evidence shows that Callandret was dealing 
crack at 1900 Bernard Street, but there is no evidence that appellant was also 
involved in dealing drugs, only that he attempted to dispose of them with 
Callandret.  Therefore, viewing the evidence in the light most favorable to 
the verdict, we conclude that no rational trier of fact could find beyond a 
reasonable doubt that appellant possessed crack cocaine with the intent to 
deliver.
Controlled Substance
        Appellant 
also argues that the State failed to prove that any of the evidence recovered 
from the toilet contained a controlled substance.  Kaye Davis, a chemist 
with the Department of Public Safety, testified that the evidence recovered from 
the toilet was cocaine.  Appellant was convicted for violating section 
481.112(d) of the Texas Health and Safety Code, which provides that “a person 
commits an offense if the person . . . possesses with intent to deliver a 
controlled substance listed in Penalty Group 1.”  See Tex. Health & Safety Code Ann. § 
481.112(a).  Section 481.102 lists cocaine as one of the controlled 
substances in Penalty Group I.  Id. § 481.102 (Vernon Supp. 
2004-05)  Therefore, we hold that the evidence is legally and factually 
sufficient to prove that the evidence recovered from the toilet was a controlled 
substance.
Amount by Aggregate Weight Including Adulterants and 
Dilutants
        Appellant 
argues that the State failed to link him with any particular amount of 
controlled substance found in Callandret’s house.  He also argues the 
State failed to prove the amount “by aggregate weight including any 
adulterants or dilutants.”  An accused possesses a controlled substance 
when he exercises actual care, control, or custody over the substance; is 
conscious of his connection with the substance; and knows what the substance is.  
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The 
evidence must show an “affirmative link” between the accused and the drugs 
he allegedly possessed.  Id.  To prove possession of a 
particular amount of a controlled substance, the State need only prove that 
“the aggregate weight of the controlled substance mixture, including 
adulterants and dilutants, equals the alleged minimum weight.”  Melton 
v. State, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003).
        Here, 
Officer Olsen testified that he saw appellant and Callandret throwing cellophane 
baggies into the toilet and that appellant reached to flush the toilet.  A 
total of 9.4 grams of a substance that was later found to contain crack cocaine 
was recovered from the toilet.  From this evidence, the jury could find 
that appellant exercised control over the crack cocaine in the toilet, knew of 
his connection to the crack cocaine, and knew the substance in the toilet was 
crack cocaine.  Therefore, we hold that the State offered sufficient 
evidence to affirmatively link appellant to the 9.4 grams of crack cocaine found 
in Callandret’s toilet and to support his possession of it.  We sustain 
appellant’s second point as to the intent to deliver only.[3]
Reformation of Judgment
        A 
court of appeals may modify the trial court’s judgment to reflect guilt of a 
lesser-included offense and affirm it as modified.  Tex. R. App. P. 43.2(b); Bigely v. 
State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  However, the court 
may do this only if “(1) the court finds that the evidence is insufficient to 
support conviction of the charged offense but sufficient to support conviction 
of the lesser included offense and (2) either the jury was instructed on the 
lesser included offense . . . or one of the parties asked for but was denied 
such an instruction.”  Collier v. State, 999 S.W.2d 779, 782 (Tex. 
Crim. App. 1999).
        Here, 
while the evidence is insufficient to support appellant’s conviction for 
possession of a controlled substance with intent to deliver, it is sufficient to 
support a conviction for possession of a controlled substance.  Further, 
both the State and appellant requested the trial court to instruct the jury on a 
lesser included offense.  Accordingly, we will reform the judgment to 
reflect a conviction of the lesser included offense of possession of a 
controlled substance, cocaine, in an amount more than four grams but less than 
two hundred grams.
Remand on Punishment
        Because 
we cannot assume that the jury would assess the same punishment for possession 
of a controlled substance enhanced by a previous felony conviction as it would 
for possession with intent to deliver enhanced by a previous felony conviction, 
we reverse the part of the judgment assessing punishment and remand the case for 
a new punishment hearing.  See Lockett v. State, 874 S.W.2d 
810, 818 (Tex. App.—Dallas 1994, pet. ref’d.).  We do not address 
appellant’s fourth point, which involves alleged errors at the punishment 
phase of the trial.  See Tex. 
R. App. P. 47.1.
Conclusion
        We 
reform the judgment of guilt to reflect conviction of the lesser-included 
offense of possession of a controlled substance weighing between four and two 
hundred grams and affirm the judgment as reformed.  We reverse the judgment 
as to punishment and remand the case to the trial court to conduct a new hearing 
on punishment.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and GARDNER JJ.
 
PUBLISH
 
DELIVERED: 
March 3, 2005

 
NOTES
1.  
The trial was originally set for February 9, 2004, the following Monday.
2.  
The record states only that “[t]he Court read aloud the charge of the 
court.”
3.  
Because we hold that the evidence is legally insufficient to prove intent to 
deliver, we need not address appellant’s third point on factual insufficiency.  
See Tex. R. App. P. 47.1.