Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

**George Joseph VALENTI, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–246–CR.**

Court of Appeals of Texas,
Fort Worth.

June 14, 2001.

Russell L. Welch, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Yolanda M. Joosten, Denver McCarty, Bill Schultz, Jimmy Angelino, Asst. Dist. Attys., Denton, and Matthew Paul, State Prosecuting Atty., Austin, for State.

Panel F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

Appellant George Joseph Valenti appeals his conviction for felony driving while intoxicated (DWI). A jury found appellant guilty of the offense, and the trial court assessed punishment at seven years' confinement and a $10,000 fine. On appeal, he complains that variances between the pleading and proof rendered the evidence legally insufficient to support the jury's verdict and that the trial court erred by allowing an amendment to the indictment on the day of trial. We affirm.

In the indictment in this case, the State alleged that on or about May 22, 1999, George Joseph *Valinti* was driving while intoxicated and that he had been previously convicted of DWI on April 19, 1995 and August 25, 1996. The State subsequently moved to amend the indictment to correct the date of the August 25 conviction to August 15, 1996. On May 11, 2000, ten days before trial was originally set to start, both parties agreed that the correct date of the prior conviction was August 15, 1996, and that the indictment should be amended accordingly. The trial court granted the State's motion and signed an undated order to amend the indictment.[1] The order, however, still reflected the August 25, 1996 date for the conviction.

The case was subsequently transferred to the Honorable David Garcia by assignment. On May 30, 2000, before trial began, it was brought to the trial court's attention that the attempted amendment had not been made to the indictment and that the trial court's order purporting to amend the indictment incorrectly stated the date of appellant's prior conviction as August 25, 1996. The trial court was also informed that the correct spelling of appellant's last name was *Valenti*. Appellant agreed that the correct spelling of his last name was V-a-l-e-n-t-i, and, without objection, the trial court interlineated the order to show his true last name. The trial court also heard evidence and argument from the parties about their intent on May 11 concerning the amendment of the indictment to reflect the correct date of the prior DWI. Defense counsel acknowledged that on May 11 he had no objection to the amendment and that he had known all along that the State was attempting to plead and prove the August 15, 1996 conviction. He argued, however, that the amendment had not been made and that it was too late to make the amendment over his objection on the day of trial. The trial court determined that the defense was not surprised by the amendment, had agreed to the amendment, and that the August 25, 1996 date was merely a clerical error in the order. The court then interlineated

---

1. The trial court's order grants the State's motion to amend the indictment and orders that the indictment "should be amended to read as follows: *IN THE NAME AND BY* *AUTHORITY OF THE STATE OF TEXAS* [the full text of the indictment is then incorporated into the order]; against the peace and dignity of the State."

the order to reflect the proper date for the prior conviction. There was no physical interlineation of the original indictment; however, the language of the original indictment was reproduced in the order granting the State's motion to amend.

At trial, the State produced evidence that George Joseph *Valenti* was driving while intoxicated on May 22, 1999, and that George Joseph *Valenti* had been finally convicted of DWI on April 19, 1995 and August 15, 1996.

In his first two points, appellant contends that because the two amendments "were never made to the indictment," the evidence was legally insufficient to show that George Joseph *Valinti* committed the instant DWI or that George Joseph *Valinti* had a prior felony conviction for August 15, 1996 as alleged. Appellant states that the only portion of the indictment that was effectively amended was the caption on the original indictment where his last name was changed from *Valinti* to *Valenti* on the face of the indictment itself. We construe appellant's argument to be that physical interlineation of the original indictment is required to accomplish an amendment to the indictment.

 The Texas Constitution guarantees to criminal defendants the right to indictment by a grand jury for all felony offenses. *Riney v. State*, 28 S.W.3d 561, 564–65 (Tex.Crim.App.2000); *see also* TEX. CONST. art. I, § 10. "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, § 12(b). Indictment by grand jury protects citizens against arbitrary accusations by the government. *Riney*, 28 S.W.3d at 565. An indictment is essential to vest the trial court with jurisdiction and provides a defendant notice of the offense charged so that he may prepare, in advance of trial, an informed and effective defense. *Id.* Notice of the nature and cause of the accusation must come from the face of the indictment. *Id.* The inquiry is whether the charge, in writing, furnished that information in plain and intelligible language. *Id.*

 Articles 28.10 and 28.11 of the code of criminal procedure provide the State with the opportunity to amend the indictment. *Id.; see also* TEX.CODE CRIM. PROC. ANN. arts. 28.10, 28.11 (Vernon 1989).[2] However, neither the State's motion to amend nor the trial judge's granting thereof is an amendment; rather, the two comprise the authorization for the eventual amendment of the charging instrument pursuant to article 28.10. *Riney*, 28 S.W.3d at 565; *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App.1992), *overruled on other grounds by Riney*, 28 S.W.3d at 566. The court of criminal appeals has held that actual, physical alteration of the face of the original indictment is not the only means to accomplish an amendment. *Riney*, 28 S.W.3d at 565–66. Physical interlineation. of the original in-

2. Article 28.10 of the code of criminal procedure provides, in relevant part:
 (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object. *Id.* art. 28.10(a)-(b).
 Article 28.11 provides: "All amendments of an indictment or information shall be made with the leave of the court and under its direction." *Id.* art. 29.11.

dictment is an acceptable but not the exclusive means of effecting an amendment to the indictment. *Id.* at 565. In *Riney,* the court held that an amended photocopy of the original indictment incorporated into the record under the direction of the court with the knowledge and consent of the defense satisfied the statutory requisites and preserved the functions of an indictment. *Id.* at 565–66.

■ Here, the language of the original indictment charging appellant with the offense of felony DWI was reproduced in the order granting the State's motion to amend. Given the circumstances of this case, we conclude that the trial court could properly amend the indictment by physical interlineation of the written order granting the State's motion to amend, in which the language of the original indictment was reproduced. The trial court retained its jurisdiction and appellant was kept abreast of the charges against him and had adequate information to prepare his defense. *See id.* at 566. Because the method used by the trial court to amend the indictment was appropriate, there is no variance between the pleading and proof at trial, and the evidence was legally sufficient to establish appellant drove while intoxicated on May 22, 1999, and was twice previously convicted of DWI on April 19, 1995 and August 15, 1996. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■■ Even assuming the amendment in this instance was ineffective, a variance between the allegations and the proof will not render the evidence insufficient if the defendant was not surprised or prejudiced by the variance. *See Rojas v. State,* 986 S.W.2d 241, 246 (Tex.Crim.App.1998); *Human v. State,* 749 S.W.2d 832, 836 (Tex. Crim.App.1988) (op. on reh'g); *see also* TEX.R.APP. P. 44.2(b). First, notwithstanding article 28.10, the trial court could prop-

erly correct the indictment to reflect appellant's true name under article 26.08. *See* TEX.CODE CRIM. PROC. ANN. art. 26.08. Second, defense counsel expressly acknowledged that he knew all along that the State intended to allege and prove that the date of the prior DWI conviction was August 15, 1996, and not August 25, 1996. Because appellant was neither surprised by the variance in the date of the prior conviction nor mislead to his prejudice in preparing his defense, we conclude the variance is immaterial. We overrule appellant's first and second points.

In his third point, appellant contends that in the event we conclude that the amendment to the indictment was valid, the trial court erred in allowing the amendment on the date of trial. Article 28.10 prohibits amendment of the indictment as to form or substance over a defendant's objection on the date trial commences. TEX.CODE CRIM. PROC. ANN. art. 28.10(a)-(b). Thus, assuming the trial court erred in allowing the amendment in this case on the day of trial, we must determine what harm, if any, the error caused. *See Wright v. State,* 28 S.W.3d 526, 531–32 (Tex.Crim.App.2000), cert. denied, —— U.S. ——, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001); *Curry v. State,* 1 S.W.3d 175, 178 (Tex.App.—El Paso 1999), *aff'd,* 30 S.W.3d 394 (Tex.Crim.App.2000); *Westfall v. State,* 970 S.W.2d 590, 596 (Tex. App.—Waco 1998, pet. ref'd); *see also Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997). This is nonconstitutional error; thus, we disregard the error unless it affected appellant's substantial rights. *See* TEX.R.APP. P. 44.2(b).

■ In this case, appellant was aware of the error in the pleading regarding the date of the prior conviction and did not object to amendment of the indictment nineteen days before trial. In fact, when questioned by the trial court, defense

counsel conceded that the trial court had intended to change the date of the prior conviction and that he was not surprised by the change. Appellant's only objection was to amending the indictment on the day of trial. Under the circumstances of this case, however, we conclude that the typographical error in the date of the prior conviction, regardless of whether the amendment was indeed effective or not, was harmless. The indictment alleged the prior conviction with sufficient specificity, by including the correct county, court, offense, cause number, month and year, to put appellant on notice to prepare for proof of the conviction. Thus, appellant's substantial rights were not affected. We overrule appellant's third point.

We affirm the trial court's judgment.