Eduardo SERNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–01–00005–CR.

Court of Appeals of Texas,
El Paso.

Feb. 21, 2002.

Rehearing Overruled March 20, 2002.

Penny Lee Andersen, Asst. Public Defender, M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., Tom A. Darnold, Asst. Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

Eduardo Serna was convicted of theft from person and received five years for the offense after a bench trial. He asks this Court to set aside his conviction because of legally and factually insufficient evidence.

### Facts

Eduardo Serna was indicted for theft from person, a state jail felony under Texas Penal Code section 31.03(e)(4)(B). TEX. PENAL CODE ANN. § 31.03(e)(4)(B) (Vernon 1994 & Supp.2002). The original indictment against him stated that on August 9, 2000, Serna:

> [D]id then and there unlawfully appropriate, by acquiring and otherwise exercising control over property other than real property, to-wit: a bus ticket from the person of STEVE PRESTWOOD, the owner thereof, with intent to deprive the said owner or said property.

The State made a motion to amend the indictment prior to trial, claiming that the amendment would not charge Serna with an additional or different offense or substantially prejudice his rights. The motion asked that the words "a bus ticket" be deleted and replaced with the words "a piece of paper" and that the word "or" immediately preceding "said property" be changed to "of." The indictment would then be amended to read that Serna:

> [D]id then and there unlawfully appropriate, by acquiring and otherwise exercising control over property other than real property, to-wit: a piece of paper from the person of STEVE PRESTWOOD, the owner thereof, with intent to deprive the said owner of said property.

The motion was granted without a hearing on December 15, 2000. Serna filed a motion to quash the amended indictment. On December 22, 2000, a hearing was held on Serna's motion.

At the hearing, Serna argued that the statute requires that something with value be taken and that he had only taken a piece of trash that had no value. He asserted that if the State were allowed to go to trial on the amended indictment there would be nothing to bar the State from reindicting him for a different piece of paper. Serna also argued that to allow the amendment would not provide him with notice.

The State, in turn, argued that Serna was only attempting to question the value of the item taken and not the specificity of the amended description. It also argued that to describe the property as a piece of paper was sufficiently specific that Serna would not be subject to double jeopardy.

The motion to quash was denied.

A trial was held on January 2, 2001. Serna waived his right to a jury. He pleaded not guilty to the charge. Thereafter, the following stipulation of facts was read into the record.

On August 9, 2000, the El Paso Police Department was conducting a sting operation at the bus station. Officer Steve Prestwood was acting as a decoy, pretending to be a homeless person sleeping on the street. Serna saw Officer Prestwood

lying on the ground and rummaged through his belongings and pockets. He took from Officer Prestwood's pocket what appeared to be a bus ticket to Portland, Oregon and Los Angeles, California, with the intent to deprive Officer Prestwood of that property. Serna was subsequently arrested.

Serna did not retrieve a bus ticket. Officer Prestwood had taken two pieces of paper from the trash in order to look as if he had a bus ticket. One item was instead a baggage claim stub. The other item was a prepaid calling card receipt.

After this evidence was proffered, Serna presented his argument. He stated that because the statute defines theft as property taken regardless of value, the property must have at least some value. The pieces of paper that were taken from Officer Prestwood did not fulfill that requirement, because they had no value. Therefore, he could not be guilty of theft from person.

The State disagreed, contending that the crux of the statute is the risk of the physical altercation when theft is from the person. The State noted its interpretation of "regardless of value" as being without consideration of value—not as creating a requirement that the property have some value, as Serna contended.

The trial court found Serna guilty beyond a reasonable doubt of theft from person. There was a stipulation to prior pen packets and to a five-year sentence, so punishment was assessed at five years.

Serna filed notice of appeal from the judgment. Upon preparation of the clerk's record for this appeal, he discovered that the motion to amend the indictment and the attendant order granting the motion had never been filed.[1] Serna argues that there was no amendment of the original indictment; consequently, the State is bound by the allegations in the original indictment and required to prove each element beyond a reasonable doubt.

## Original indictment was never amended

In appellant's first point, he argues that the evidence is legally insufficient to support his conviction. In his second point, he argues that the evidence is factually insufficient. The argument for both issues is based on the contention that the State did not properly amend the indictment and that because it proceeded against him on the amended indictment, it did not prove each element of the original indictment beyond a reasonable doubt.

We turn first to the issue of whether the indictment was properly amended. The Court of Criminal Appeals stated in *Ward v. State,* 829 S.W.2d 787 (Tex.Crim.App. 1992), that a trial court's grant of the State's motion to amend is not itself an amendment of the indictment. *Id.* at 793. The amendment is the actual alteration of the charging instrument, as for example by handwriting, typing, interlining, or striking out. *Id.* at 793 n. 14. In that way, the accused may be informed of the nature and cause of the accusation against him.

The court expanded upon the *Ward* holding in *Riney v. State,* 28 S.W.3d 561 (Tex.Crim.App.2000). In *Riney,* the court determined that physical interlineation of the original indictment is not the only means of effecting an amendment to the indictment. *Id.* at 566. In that case, the court held that an amended photocopy of the original indictment, incorporated into the record under the direction of the court could become the official indictment of the case. *Id.* at 565–66.

---

1. The motion and order were tardily filed in May 2001.

Even though *Riney* loosened the standard of what constitutes an amendment to an indictment, we do not believe the facts here show that the indictment was amended. The facts in *Riney* are distinguishable from those in the present case. *Riney* based its holding in part on the fact that the interlineated copy was incorporated into the court clerk's file making it the "official" indictment of the case to which the appellant could refer to. *Id.* at 566. The appellant and his counsel were specifically asked whether they had objections to the amendments. *Id.* Neither did. *Id.* The trial court then formally arraigned the appellant by reading the amended indictment in open court. *Id.* Here, the amendment was never incorporated into the record. No interlineated copies were present in the record, and the amended indictment was not read into the record. Additionally, the appellant in *Riney* made no objections to the indictment as amended. Here, appellant made very specific objections in his motion to quash.

The State also relies upon *Valenti v. State*, 49 S.W.3d 594 (Tex.App.-Fort Worth 2001, no pet.), for the proposition that where the substance of the amended indictment is set out in the trial court's written order granting the State's motion to amend, the order is sufficient to memorialize the substance of the amendment and is therefore sufficient to constitute the actual amendment of the indictment, even where the original is not physically altered. The State argues that because the substance of the amendment was memorialized in the order, amendment of the indictment was effected.

We find the facts in *Valenti* distinguishable from those here. In *Valenti*, a motion to amend was made and granted, but the amended indictment still contained errors. *Id.* at 596. The errors were brought to the court's attention prior to trial and cor-

rections were made to the order, which reproduced the language of the original indictment. *Id.* at 596–97. The *Valenti* court held that because there was no surprise, the amendment had been by agreement, and the error was only clerical, the alteration of the indictment in the order was sufficient to amend the indictment. *Id.* at 598.

■ Here, although the change of "or" to "of" was clerical, the change of "a bus ticket" to "a piece of paper" was not. The amendment was not by agreement. No actual changes in writing were made. There was no official indictment for appellant to refer to. Although we agree that there are many ways to sufficiently amend an indictment, we do not believe the evidence here satisfied any of those requisites.

We may extrapolate what the amended indictment would have looked like, based on the transcript of the trial and appellant's motion to quash. In that respect, we agree with the State's contention that the substance of the amendment was memorialized in writing within the record. However, this is insufficient to satisfy the requirements of Article I, section 10 of the Texas Constitution. *Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Crim.App.1977) ("It is the intent of Article I, § 10 of the Texas Constitution ... that the accused in a particular case be given information upon which he may prepare his defense, and this information must come from the face of the indictment."). Nor do we believe that the State may rely on appellant's objections to the amended indictment to rectify its failure to properly amend. As the *Riney* court stated, "[I]t is not sufficient to say that the accused knew with what offense he was charged. The inquiry must be whether the charge, in writing, furnished that information in plain and intelligible language." 28 S.W.3d at 565; *see*

*also Ward*, 829 S.W.2d at 794 ("Even if the motion sufficiently apprised appellant of the accusation against him, it would be insufficient under state constitutional provisions.").

It is the State's responsibility to properly indict and amend. We believe the State failed to properly amend the indictment. The original indictment remained the indictment of record, and the charge against appellant based on theft of a bus ticket remained.

### Legal and factual sufficiency under the original indictment

We turn next to a review of the legal and factual sufficiency of the evidence under an indictment for theft from person of a bus ticket.

 Simply because the indictment alleged that appellant committed theft from person by taking a bus ticket and the evidence did not show that a bus ticket was taken does not automatically cause the evidence to be insufficient to support appellant's conviction. Rather, the discrepancy between the allegations in the indictment and the evidence presented at trial is known as a variance. *Gollihar v. State*, 46 S.W.3d 243, 247 (Tex.Crim.App.2001). It occurs where the State has proven the defendant guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument. *Id.* Only if the variance was prejudicial to the defendant's substantial rights will it be material and therefore fatal. *Id.*

 In making the materiality inquiry, two questions are asked:

[W]hether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject

the defendant to the risk of being prosecuted later for the same crime.

*Id.* at 248 (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir.2000)). Appellant fails under the second prong. The test set forth is the converse of the situation in the present case. Here, appellant complained that the amended indictment would subject him to the risk of subsequent prosecution for the offense. He never raised the issue that the original indictment might subject him to such risk. Thus, it is the first prong that is germane to our analysis.

In *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim.App.2001), Douglas Charles Gollihar was indicted for theft of a go-cart, valued at less than $1,500. *Id.* at 244. The go-cart specified was Model 136202. *Id.* The evidence presented at trial showed that the go-cart taken was Model 136203. *Id.* The appellant raised a legal insufficiency claim, based on the failure of the State to prove the go-cart number as alleged in the indictment. *Id.*

In holding that the variance was not material, the court first noted that the State was not required to plead the number of the stolen cart in order to provide adequate notice of the charges against him. *Id.* at 258. The court further stated that there was no indication in the record that the appellant did not know which cart the State claimed that he stole or that the appellant was misled by the allegation or surprised by the proof at trial. *Id.* The incorrect number alleged did not impair the appellant's ability to prepare his defense. *Id.* Essentially, the appellant's defense did not depend on the model number alleged. *Id.*

 In the present case, appellant knew what would be presented at trial, he knew what he was accused of stealing, and the variance between what was alleged in the

indictment and what was presented at trial did not impair his ability to prepare a defense. He stipulated to the evidence, even arguing that the piece of paper removed was not a bus ticket. Appellant never argued that he had not taken the property from Officer Prestwood. He admitted that he had taken the property from Officer Prestwood's person and that he had the intent to deprive Officer Prestwood of possession. Appellant argued only that the property taken had no value.

Appellant is in no danger of being reprosecuted for the offense proved at trial. He stipulated that he had taken a piece of paper. Furthermore, he stipulated that he had taken a baggage claim stub and a calling card receipt; he stated that he had not taken a bus ticket. We do not believe that there is a double jeopardy concern here. *Id.*

We do not believe the variance in this case was material.

■ As the Court of Criminal Appeals stated in *Santana v. State,* 59 S.W.3d 187 (Tex.Crim.App.2001), "In variance law, it is well-settled that the burden of demonstrating surprise or prejudice rests with the defendant." *Id.* at 194. Appellant here has not alleged surprise or prejudice. He relies on the variance solely to argue his two issues. And, as the Court of Criminal Appeals stated in *Gollihar,* "[W]hen faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a 'material' variance will render the evidence insufficient." 46 S.W.3d at 257; *see also* TEX.R.APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An immaterial variance will be disregarded in a review of the sufficiency of the evidence. *Gollihar,* 46 S.W.3d at 258. Because the immaterial variance is the sole point upon which appellant relies in arguing that the evidence was insufficient, we overrule appellant's two points.

## Conclusion

The State correctly notes that the body of the written judgment states that appellant pleaded guilty to the charge although appellant in actuality pleaded not guilty and the caption on the written judgment reads "Judgment on Plea of Not Guilty Before the Court." We reform that portion of the judgment accordingly.

We otherwise affirm the judgment of the trial court.