11th Court of Appeals
Eastland, Texas
Opinion
 
Darla Bowman
            Appellant
Vs.                  Nos. 11-02-00313-CR & 11-02-00314-CR – Appeals from Shackelford County
State of Texas
            Appellee
 
            Darla Bowman was confined in the Shackelford County Jail, waiting for transfer to the Texas
Department of Corrections after her felony DWI conviction. While there, appellant earned the status
of trustee. As a trustee, appellant was allowed to go in and out of the building to perform her
cleaning duties or to mow the yard. A visitor to the jail on September 8, 2001, left his keys in his
car. The car was taken while he was in the jail, and appellant disappeared from the jail at about the
same time. Four days later, appellant was arrested in Abilene. The car was also found in Abilene
with an orange jumpsuit labeled “Shackelford County.” The jury convicted appellant of felony
escape (Cause No. 11-02-00313-CR) and unauthorized use of a vehicle (Cause No. 11-02-00314-CR). The jury assessed punishment of 10 years confinement and a fine of $3,000 in the felony
escape case and 2 years confinement in a state jail facility and a fine of $1,000 in the unauthorized-
use case. We affirm both convictions.
            In her third issue in Cause No. 11-02-00313-CR and her second issue in Cause No. 11-02-00314-CR, appellant argues that the evidence was legally and factually insufficient to support her
convictions. In reviewing claims of legal sufficiency, we review all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
In deciding whether the evidence is factually sufficient to support the conviction, we review all of
the evidence in a neutral light and determine whether the evidence supporting guilt is so weak as to
render the conviction clearly wrong and manifestly unjust or whether the evidence supporting guilt,
although adequate when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997). We review the fact finder’s weighing of the
evidence and cannot substitute our judgment for that of the fact finder. Cain v. State, supra; Clewis
v. State, supra. Due deference must be given to the jury’s determination, particularly concerning the
weight and credibility of the evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000). This
court has the authority to disagree with the fact finder’s determination “only when the record clearly
indicates such a step is necessary to arrest the occurrence of a manifest injustice.” Johnson v. State,
supra at 9.
            Appellant challenges the sufficiency of the evidence to elevate an escape conviction under
TEX. PENAL CODE ANN. § 38.06(a) (Vernon 2003) to a felony. TEX. PENAL CODE ANN. § 
38.06(c) (Vernon 2003) elevates an escape to a third degree felony if the person escapes from
custody while “under arrest for, charged with, or convicted of a felony” or while confined in a secure
correctional facility. Appellant contends that there was no evidence that she had been convicted of
a felony or that she was confined in a secure correctional facility. Although the State did not
introduce documentary evidence of appellant’s felony DWI conviction, the Shackelford County
Sheriff testified that appellant was in the Shackelford County Jail and was under his supervision
because she was “waiting [for] transport to TDCJ for DWI, third offense.” A county jail is a “secure
correctional facility” as a matter of law. TEX. PENAL CODE ANN. § 1.07(a)(45)(A) (Vernon
Supp. 2004). The evidence was legally and factually sufficient to support appellant’s conviction of
felony escape. Appellant’s third issue in Cause No. 11-02-00313-CR is overruled.
            TEX. PENAL CODE ANN. § 31.07 (Vernon 2003) provides that a person commits the
offense of unauthorized use of a vehicle, a state jail felony, if the person intentionally or knowingly
operates a motor-propelled vehicle without the effective consent of the owner. Appellant contends
that there was no evidence showing that she “operated” the car that was stolen. The owner of the
car, Ernest Dale Fincher, testified that, shortly before 4 p.m. on September 8, 2001, he went to the
Shackelford County Jail to hold a religious service for the inmates. Fincher left his keys in his car.
When Fincher returned to the parking lot just before 4:30 p.m., he discovered that his car was gone.
Fincher went back into the jail, and they discovered that appellant was missing. An Abilene police
officer testified that he arrested appellant in Abilene on September 12, 2001. Fincher testified that
he had not given appellant permission to use his car and that he picked up his car in Abilene about
a “week or so” after it was taken. The Shackelford County Sheriff testified that Fincher’s car was
recovered in Abilene and that there was an orange uniform in the car with the words “Shackelford
County” on the uniform.
            Appellant argues that the circumstantial evidence did not exclude every other reasonable
hypothesis except that appellant operated Fincher’s car. The Court of Criminal Appeals rejected the
“reasonable hypothesis of innocence analytical construct” in Geesa v. State, 820 S.W.2d 154, 155
(Tex.Cr.App.1991), overruled on other grounds by Paulson v. State, 28 S.W.3d 570
(Tex.Cr.App.2000), for legal sufficiency reviews of cases resting on circumstantial evidence alone. 
For our factual sufficiency review, appellant is requesting that we review the evidence from the
State’s case-in-chief to determine whether any reasonable alternative hypothesis exists which would
have precluded the jury from finding appellant guilty beyond a reasonable doubt. That is not the
proper standard of review for a factual sufficiency analysis. Richardson v. State, 973 S.W.2d 384
(Tex.App. – Dallas 1998, no pet’n). The standard for factual sufficiency reviews was adopted in
Clewis v. State, supra at 129, and restated in Johnson v. State, supra at 11. Our earlier statement of
the standard is the one in Johnson and reiterated in Vasquez v. State, supra at 236.
            The State presented sufficient circumstantial evidence to support the jury’s verdict that
appellant committed the offense of unauthorized use of a motor vehicle. Had appellant presented
evidence of an alternative hypothesis (e.g., that someone else operated Fincher’s car), our review
would have included that evidence along with all the other evidence, viewed in a neutral light. The
verdict could have been overturned only if it was so contrary to the overwhelming weight of the
alternative hypothesis evidence as to be clearly wrong and unjust. Clewis v. State, supra at 129;
Richardson v. State, supra at 387. But appellant presented no evidence of an alternative hypothesis.
            Appellant also contends that the evidence is insufficient to show that she committed the
offense of unauthorized use of a vehicle on September 8, 2001. This argument is predicated on her
contention that the trial court erred in allowing the State to change the date in the indictment from
October 8, 2001, to September 8, 2001. As we will discuss next, appellant was not harmed by the
change in dates. The State’s evidence was sufficient to show that the offense occurred on September
8, 2001, which would have been sufficient even if the indictment had not been changed. The “on
or about” language contained in the unamended indictment allowed the State to prove a date other
than the one alleged as long as the date proven was anterior to the presentment of the indictment and
within the statutory limitation period. Wright v. State, 28 S.W.3d 526 (Tex.Cr.App.2000), cert.
den’d, 531 U.S. 1128 (2001). The evidence relating to the September 8 date satisfied those two
conditions. The evidence was legally and factually sufficient to support the verdict in Cause No. 11-02-00314-CR. Appellant’s second issue in Cause No. 11-02-00314-CR is overruled.
            In appellant’s first issue in Cause No. 11-02-00314-CR, appellant contends that the trial court
erred in allowing the State to change the date of the offense in the indictment from October 8, 2001,
to September 8, 2001. The indictment in Cause No. 11-02-00313-CR, charging felony escape,
reflected the correct date of September 8, 2001. The State filed its motion to amend the indictment
in Cause No. 11-02-00314-CR on the day of appellant’s trial for both offenses. During the pretrial
hearing, appellant’s counsel stated:
            Your Honor, we would, of course, object for the record for the late
amendment, but we were not surprised by the dates. We understood the dates. We
understood what the dates were, Your Honor.
 
Citing Sodipo v. State, 815 S.W.2d 551 (Tex.Cr.App.1991), and Garcia v. State, 928 S.W.2d 666
(Tex.App. – Corpus Christi 1996, no pet’n), appellant argues that the late amendment violated TEX.
CODE CRIM. PRO. ANN. art. 28.10 (Vernon 1989) and that the error is not subject to a harm
analysis. Sodipo and Garcia do not reflect the current law in Texas. A harm analysis is appropriate
for a violation of Article 28.10. Wright v. State, supra at 531-32; Valenti v. State, 49 S.W.3d 594
(Tex.App. – Fort Worth 2001, no pet’n). As the court stated in Cain v. State, 947 S.W.2d 262, 264
(Tex.Cr.App.1997):
Except for certain federal constitutional errors labeled by the United States Supreme
Court as “structural,” no error, whether it relates to jurisdiction, voluntariness of a
plea, or any other mandatory requirement, is categorically immune to a harmless error
analysis.
 
We conduct a harm analysis for non-constitutional errors under TEX.R.APP.P. 44.2. Errors that do
not affect the substantial rights of the accused are to be disregarded. A “substantial right” is affected
when the error has a substantial and injurious effect or influence in determining the jury’s verdict. 
Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex.Cr.App.2000); King v. State, 953 S.W.2d 266
(Tex.Cr.App.1997). Appellant was not harmed by the change in dates. See Wright v. State, supra
at 531. Appellant’s first issue in Cause No. 11-02-00314-CR is overruled.
            Appellant’s first issue in Cause No. 11-02-00313-CR and third issue in Cause No. 11-02-00314-CR are the same: that the trial court erred in failing sua sponte to instruct the jury that, before
it could consider the extraneous offense evidence during the punishment phase, the jury must find that
the State had proved those offenses beyond a reasonable doubt. Evidence of extraneous crimes or bad
acts is admissible during the punishment phase to the extent the trial court deems such evidence
relevant to sentencing. TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(a) (Vernon Supp. 2004). The
jury as fact finder, however, may not consider that evidence unless it is satisfied beyond a reasonable
doubt that the defendant committed the described acts. Fields v. State, 1 S.W.3d 687, 688
(Tex.Cr.App.1999). The trial court is required to give a reasonable-doubt instruction even if it is not
requested by the defense; the instruction is considered as law applicable to the case. Huizar v. State,
12 S.W.3d 479, 483-84 (Tex.Cr.App.2000). The trial court below erred in failing to include the
reasonable-doubt instruction in its charge. Ellison v. State, 86 S.W.3d 226 (Tex.Cr.App.2002);
Huizar v. State, supra.
            Although the trial court erred, we must determine whether appellant was harmed by the error.
Because appellant did not object to the trial court’s charge, the standard for our harm analysis is
whether egregious harm to appellant resulted from the trial court’s error. Almanza v. State, 686
S.W.2d 157 (Tex.Cr.App.1985). We assess the degree of harm in light of the entire jury charge; the
state of the evidence, including the contested issues and weight of probative evidence; the argument
of counsel; and the record as a whole. Mann v. State, 964 S.W.2d 639, 641 (Tex.Cr.App.1998). 
            Appellant argues that there was egregious harm because:
The state was allowed to paint Ms. Bowman in the worst possible light, by putting
before the jury evidence that she was a habitual drunk, that she absconded from
treatment; that she was at one time on probation and violated that probation; that she
destroyed evidence; and that she had numerous DWI convictions.
 
            The Court of Criminal Appeals in Ellison v. State, supra, held that the egregious error
standard is to be applied to the impact of the trial court’s omission of the reasonable-doubt
instruction, not to the impact of the admission of the extraneous offense evidence. We must not
assume that the evidence of the extraneous offenses was improperly admitted against appellant. 
Ellison v. State, supra at 227. The State presented only brief testimony by one witness before resting. 
The sheriff testified that appellant’s punishment in her DWI case was five years in the Texas
Department of Criminal Justice, Institutional Division. The prosecutor then asked the sheriff if he
considered appellant to be “a proper subject to receive a light sentence.” The sheriff recommended
the maximum penalty because “she continues to have DWIs” and because, for her own safety and the
safety of others, appellant needed to be off the streets.
            Counsel for appellant presented extensive testimony that appellant was a chronic alcoholic
and needed psychiatric treatment. His strategy was to demonstrate to the jury that appellant needed
counseling and help with her alcoholism, not lengthy incarceration. Appellant’s sisters detailed her
fight with alcoholism. Dr. John E. Morris, a psychiatrist, testified that appellant told him that while
she was a trustee she found a cooler of beer and drank at least seven of the beers. Dr. Morris
expressed his opinion that, as a result of drinking the beers, appellant took the car and escaped from
custody. Based on his evaluation of appellant, Dr. Morris further expressed the opinion that the acts
that appellant engaged in were the result of temporary intoxication insanity. In cross-examination,
the State asked Dr. Morris if he knew that, in drinking the beer, appellant had committed a third
degree felony of destroying evidence. The State’s rebuttal witnesses brought out that appellant had
failed to complete some of the alcohol treatment programs and that she was not attending the
alcoholics anonymous programs offered by the jail.
            The omission of the reasonable-doubt instruction did not result in egregious harm to appellant. 
The testimony of which she complains was either introduced by her counsel or was in response to
testimony by her witnesses. Counsel for appellant followed a reasonable strategy of emphasizing that
alcoholism is an illness and that appellant needed counseling and rehabilitation programs. 
Appellant’s first issue in Cause No. 11-02-00313-CR and third issue in Cause No. 11-02-00314-CR
are overruled.
            In appellant’s remaining issues, she argues that the prosecutor engaged in improper jury
argument and that the prosecutor elicited improper reputation evidence when the sheriff testified that
appellant needed to be off the streets for a while because “she continues to have DWIs.” There was
no objection in the trial court to the prosecutor’s argument or to the sheriff’s testimony. Because
appellant did not object below, there is nothing presented for review. TEX.R.APP.P. 33.1(a);
Valencia v. State, 946 S.W.2d 81, 82-83 (Tex.Cr.App.1997); Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Cr.App.1996), cert. den’d, 520 U.S. 1173 (1997). Appellant’s remaining issues are overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed in both causes.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
April 15, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J. and McCall, J.