NO. 07-06-0191-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 16, 2007


______________________________



LINDSEY DWAIN JOHNSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,105-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Lindsey Dwain Johnson, a felon, appeals his conviction for a felon unlawfully
possessing a firearm. His two issues on appeal concern the propriety of an oral
amendment to an enhancement paragraph in the indictment. He contends that because
the actual wording of the paragraph in the indictment was not physically altered, the
amendment was invalid, and the trial court could not include the modification in its charge
to the jury. We affirm the judgment.

 Through enhancement paragraph one of the indictment, the State alleged that
appellant had been convicted of felonious stealing in Missouri on May 15, 1991. The
actual year of conviction, however, was 1981. The State sought to correct the error by
orally moving to amend the paragraph and incorporate the true date. The motion was
granted but nothing was written on the indictment itself, or a copy of it, memorializing the
change.

 Statute provides for the means of amending an indictment. See Tex. Code Crim.
Proc. Ann. art. 28.10 (Vernon 2006) (specifying how an indictment must be amended). 
It is the purported failure to comply with that provision which underlies both of appellant's
issues. Moreover, we note that authority holds an oral motion to amend coupled with the
trial court's decision to grant it falls short of a valid amendment under art. 28.10. Instead,
the two acts, when combined, simply grant permission to undertake an amendment. Riney
v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000); Valenti v. State, 49 S.W.3d 594, 597
(Tex. App.- Fort Worth 2001, no pet.). The actual amendment occurs when the charging
instrument (or a copy of it) is physically altered by the insertion or deletion of language on
the face of the document. See Riney v. State, 28 S.W.3d at 565-66 (finding it acceptable
for the State to offer an amended version of a photocopy of the indictment); Valenti v.
State, 49 S.W.3d at 597-98 (holding that the physical interlineation of the written order
granting the motion to amend in which the language of the original indictment was
produced was sufficient to amend the indictment). As mentioned earlier, the record before
us contains no written alteration to the indictment or any similar document. 

 Yet, authority also holds that while prior convictions used for enhancement purposes
must be pled in some form, they need not be pled in the indictment. Villescas v. State, 189
S.W.3d 290, 292-93 (Tex. Crim. App. 2006); Brooks v. State, 957 S.W.2d 30, 34 (Tex.
Crim. App. 1997). So too are we told not only that the deletion of surplusage from an
indictment falls outside the requirements of art. 28.10 but also that surplusage
encompasses language unessential to the validity of the indictment. Kenley v. State, No.
2-06-0127-CR, 2006 at *22 Tex. App. Lexis 8864 (Tex. App.-Fort Worth October 12,
2006, no pet.). Since enhancement paragraphs need not be pled in the indictment, it
logically follows that they are unessential to the validity of the indictment and comparable
to surplusage for purposes of art. 28.10. As a result, we conclude that modifying the date
in the enhancement paragraph here does not implicate art. 28.10, and, therefore, the trial
court did not violate the terms of that provision. (1)

 We affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

 

Publish.
1. Appellant does not complain about lacking notice of the substance of the change; thus, we do not
consider that matter or its peripheral issues.



/span>At trial, the officer that responded to the call, Joe Pinson, testified. Pinson testified
that he was a certified police officer with the Slaton Police Department for 13 years. He
testified that he spoke with Ramirez about the incident in the afternoon following its
occurrence and photographed her injuries. Based on information he received from Ramirez
as well as his personal observation of Ramirez’s injuries, Pinson testified about the manner
in which appellant had used the belt and belt buckle. Over appellant’s objection, Pinson
testified that a belt and belt buckle used in the manner in which appellant used them would
be considered a deadly weapon.
          By one issue, appellant challenges the judgment. Appellant’s sole issue contends
that the trial court erred in overruling appellant’s objection that Pinson testified as an expert
witness regarding what constitutes a deadly weapon without the State designating Pinson
as an expert witness in accordance with the trial court’s local rules. 
Analysis
          Appellant contends that the trial court erred in overruling his objection to Pinson
testifying as an expert when the State failed to provide notice of its intent to offer his expert
testimony, as required by the local rules of the court.


 According to appellant’s brief, under
“the local rules of the 137th District Court of Lubbock County[,] both Defense and
Prosecution are required to give notice to the other if they plan to call an expert witness to
the stand during trial.” However, appellant does not provide a verifiable citation to this
purported local rule and no copy of the purported local rule is included in the record or
attached to appellant’s brief. Our review of the local rules applicable to the Lubbock County
District Courts does not include any rule which requires designation of expert witnesses. 
See Local Administrative Rules of the District Courts and County Courts-At-Law of Lubbock
County, Texas, http://www.co.lubbock.tx.us/DClerk/PDF/localrules.pdf; Local Procedural
Rules, Criminal Cases, Lubbock County, Texas (2004),
http://www.co.lubbock.tx.us/DCrt/PDF/LocalProceduralRules.pdf; Lubbock County Local
Fair Defense Act Plan and Rules Sections of the Local Administrative Rules (2004),
http://www.co.lubbock.tx.us/DCrt/PDF/FairDefenseActAmen.pdf. Without substantive
argument or supporting authorities, an issue cannot be adequately evaluated, and will be
overruled. Tex. R. App. P. 38.1(h); Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App.
1997). As appellant’s sole citation to supporting authority is to a purported local rule that
cannot be verified by this Court, we overrule appellant’s issue. 
          We are, however, mindful that the Texas Code of Criminal Procedure provides,
On motion of a party and on notice to the other parties, the court in which an
action is pending may order one or more of the other parties to disclose to
the party making the motion the name and address of each person the other
party may use at trial to present evidence under Rules 702, 703, and 705,
Texas Rules of Evidence. The court shall specify in the order the time and
manner in which the other party must make the disclosure to the moving
party . . . .
 Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon 2005). The objection appellant raised
at trial to Pinson’s testimony was that, “He wasn’t designated, based on the Court’s order
that they designate their experts, if he is going to make an expert opinion as to what is or
is not a deadly weapon. And I would object to that for lack of notice.” However, a review
of the clerk’s record reveals neither a motion for identification of expert witnesses nor an
order from the trial court requiring the State to designate expert witnesses. Thus, there is
nothing in the record to indicate that the State was under any obligation to designate any
expert witness that it intended to call at trial.
          However, even were we to find that the trial court’s ruling was in error because it
violated a local rule, trial counsel objected on the basis that Pinson’s testimony violated a
prior order of the trial court. If the complaint on appeal does not correlate to the objection
made at trial, the complainant has not preserved error. Tex. R. App. P. 33.1(a); Thomas
v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellant’s argument on
appeal does not comport with the objection raised at trial, any error in the State’s failure to
designate Pinson as an expert witness was not preserved.
Conclusion
          For the foregoing reasons, we overrule appellant’s sole issue.
 
Mackey K. Hancock

Justice



Do not publish.