NO. 07-09-0372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 16, 2010

_____

LEONARDO PALOMERES LEDEZMA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,457-E; HONORABLE DOUGLAS WOODBURN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Judgment was entered against Leonardo Palomeres Ledezma for possessing a controlled substance (methamphetamine) with intent to deliver. The offense, as described in the indictment, encompassed a substance between the amount of four grams or more but less than 200 grams. Prior to trial, however, the State orally sought permission to amend the indictment and allege that the amount of contraband possessed was 400 grams or more. Though the request was granted, there was no written memorialization of the amendment of the indictment. Moreover, the jury

returned a verdict convicting appellant of "the offense as charged in the indictment." Thereafter, the trial court entered judgment reflecting that appellant was convicted of possessing an amount equal to 400 grams or more. Before us, he contends that the judgment should be reformed to reflect a conviction for possessing an amount ranging from four to 200 grams. He also asks that the sentence be voided and the cause remanded for a new punishment hearing. We modify the judgment and affirm it as modified.

*Analysis*

The language of an amended indictment must be memorialized in a written document. *Head v. State,* 299 S.W.3d 414, 437-38 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd). A motion to amend and the granting of it is not itself a perfected amendment but merely authorization for the amendment. *Ward v. State,* 829 S.W.2d 787, 793 (Tex. Crim. App. 1992), *overruled in part on other grounds by Riney v. State,* 28 S.W.3d 561 (Tex. Crim. App. 2000). The latter actually occurs through alteration of the charging instrument by means such as handwriting, typing, interlining, redacting, *id.* n.14, or even incorporating an amended photocopy of the instrument into the record. *Riney v. State,* 28 S.W.3d 561, 566 (Tex. Crim. App. 2000). None of that happened here, as the State concedes. It further acknowledges that the operative allegations were those contained in the unaltered charging instrument and encompassing an amount of contraband of at least four grams but less than two hundred. *See Scott v. State,* 253 S.W.3d 736, 740-41 (Tex. App.–Amarillo 2007, pet. ref'd) (stating that the original indictment is in effect if it is not amended); *Serna v. State,* 69 S.W.3d 377, 381 (Tex. App.–El Paso 2002, no pet.) (stating the same). We therefore agree that the

2

judgment should be modified to reflect that appellant was convicted of the lesser offense as argued by appellant.

As for another punishment hearing, we find that unnecessary. This is so because the error at issue was harmless.[1] Both the crime for which appellant was indicted and for which he was convicted are felonies of the first degree. TEX. HEALTH & SAFETY CODE ANN. §481.112(d) & (f) (Vernon 2010). Though their respective ranges of punishment differ, they do only on the low end. That is, both carry a maximum of life or 99 years imprisonment. *Id.* §491.112(f); TEX. PENAL CODE ANN. §12.32 (Vernon Supp. 2009). However, the minimum term for possessing 400 or more grams of methamphetamine is fifteen years, TEX. HEALTH & SAFETY CODE ANN. §481.112(f) (Vernon 2010), while that for exercising control over less than 200 grams is five years. TEX. PENAL CODE ANN. §12.32 (Vernon Supp. 2009). Here, the trial court levied a thirty five-year sentence, which is not only within the range applicable to both but also obviously far from the ends of either range.

More importantly, the term was so set after the trial court uttered: " . . . that was an awfully large quantity of drugs that you were transporting . . . ." From this statement, one can only reasonably deduce that the quantity involved influenced the trial court's decision, and the quantity appellant actually possessed remained the same irrespective of whether his conviction reflected the crime described in the indictment or the attempted amendment. So, there is little to suggest that the term of imprisonment

---

[1]Though appellant contends that the error is constitutional because several of his issues mentioned double jeopardy and the denial of his right to a trial by jury, the mistake nevertheless entails the failure to properly amend the charging instrument and the effect thereof. That is not constitutional in nature. Thus, whether the mistake is harmful and warranting a new punishment hearing depends on whether a substantial right was affected. TEX. R. APP. P. 44.2(b).

would have differed had the trial court realized that appellant could only have been convicted of possessing less than 200 grams. And, we have been cited to no authority prohibiting a trial court from levying a high sentence due to the actual amount of drugs involved as opposed to the amount mentioned in the indictment, so long as the sentence falls within the statutory range.

Also of note is that appellant fails to question the fact that the State proved he possessed 400 or more grams of methamphetamine. Consequently, we cannot say that because the evidence of what appellant possessed may have been less than strong, the sentence could differ.

Finally, the authority cited by appellant as purportedly mandating a new punishment hearing is inapposite. In *Soto v. State*, No. 04-04-00630-CR, 2005 Tex. App. LEXIS 4167 (Tex. App.–San Antonio, June 1, 2005, no pet.) (not designated for publication) the range of punishment exceeded that allowed by statute. *Id.* at *5-6. Such is not true here. Furthermore, the court stated that nothing of record permitted one to infer that the sentence would have remained the same had the trial court been aware of the lesser nature of the actual crime committed. *Id.* at *6-7. Yet, we have such evidence here, it being the trial court's own comment about the large quantity of drugs possessed and its levy of a sentence far from the minimum applicable to either crime.

As for *Lockette v. State*, 874 S.W.2d 810 (Tex. App.–Dallas 1994, pet. ref'd), the crimes involved there, aggravated robbery versus robbery, were different types of felonies. The former was a felony of the first degree while the latter was a second degree felony. *Id.* at 818. Additionally, what caused the court to reduce Lockette's

4

conviction from aggravated robbery to robbery was the State's failure to prove the aggravated circumstance, *i.e.* the use of a deadly weapon. Here, however, we have the inverse. The prosecutor actually established what could be viewed as the aggravating factor, that being a quantity of drugs far greater than the weight mentioned in the indictment. And, unlike the situation in *Lockette*, both crimes were felonies of the first degree here. Next, it may be reasonable to deduce that the absence of an aggravating factor and the difference in the categorization of the crimes may influence a trial judge to alter its sentence, as the reviewing court apparently thought in *Lockette*. But, without those circumstances, one can only guess at whether the *Lockette* panel would have held the same if confronted with the circumstances before us. And, we conclude that those circumstances make all the difference.

Accordingly, the judgment is modified to show that appellant was convicted of possessing a controlled substance of at least four grams but less than 200 (or an offense under §481.112(d) of the Health & Safety Code) and, as modified, is affirmed.

Brian Quinn
Chief Justice

Do not publish.

5