

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00475-CR

Jacqulin **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 272nd District Court, Brazos County, Texas
Trial Court No. 12-00820-CRF-272
Honorable Travis B. Bryan III, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

Jacqulin Johnson was convicted by a jury of theft of property under the value of $1,500.00.

On appeal, Johnson contends: (1) the trial court erred by permitting the State to amend her

indictment on the date trial commenced; (2) the evidence is insufficient to support the jury's

verdict; and (3) the trial court abused its discretion in admitting evidence of an extraneous offense.

We overrule Johnson's issues and affirm the trial court's judgment.

### AMENDMENT TO INDICTMENT

Johnson's indictment contained allegations of two prior convictions that elevated her offense from a Class C misdemeanor to a state jail felony for jurisdictional purposes.[1] At the conclusion of voir dire, the trial court permitted the State to amend the date on which one of the prior convictions occurred. Defense counsel objected to the amendment. On appeal, Johnson contends the trial court committed reversible error in allowing the amendment.

Article 28.10 of the Texas Code of Criminal Procedure prohibits any amendment to an indictment after the trial commences if the defendant objects. TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 1989). Because the trial court permitted the State to amend the indictment after trial commenced over defense counsel's objection, we must evaluate the record to determine what harm, if any, the error caused. Because this is a nonconstitutional error, we disregard the error unless it affected Johnson's substantial rights. *McIntosh v. State*, 307 S.W.3d 360, 365 (Tex. App.—San Antonio 2009, pet. ref'd); *Flores*, 139 S.W.3d at 66; *Valenti v. State*, 49 S.W.3d 594, 598 (Tex. App.—Fort Worth 2001, no pet.).

"The untimely amendment of a charging instrument affects a defendant's substantial rights if the instrument did not inform the defendant of the charge against him sufficiently to allow him to prepare his defense, or if prosecution under the erroneous charging instrument would subject the defendant to the risk of being prosecuted later for the same crime." *McIntosh*, 907 S.W.3d at 365-66; *see also Flores*, 139 S.W.3d at 66 (quoting *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001)). Johnson does not contend in her brief that the erroneous amendment would subject her to the risk of being prosecuted later for the same crime; instead, Johnson argues "but

---

[1] "Prior convictions used for *jurisdictional* enhancements, unlike prior convictions used merely for *punishment* enhancements, must be pled in the indictment." *Flores v. State*, 139 S.W.3d 61, 65 (Tex. App.—Texarkana 2004, pet. ref'd) (emphasis in original); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 n.3 (Tex. Crim. App. 2012) (noting prior offenses that must be alleged for offense of felony theft are jurisdictional elements of the offense itself).

for the unlawful amendment, Johnson could have successfully urged a variance between the indictment and proof with regard to one of the prior theft convictions."

In response to this argument, we first note that Johnson's ability to urge a variance is not the test for determining harm. Instead, the test is whether Johnson had adequate notice to prepare a defense. *See McIntosh*, 307 S.W.3d at 366; *Flores*, 139 S.W.3d at 66. Moreover, even if the inability to assert a variance were the test, "[a] variance between the indictment and the evidence is fatal to a conviction only if the variance results in actual surprise or prejudices the rights of the accused." *Flores*, 307 S.W.3d at 66. If the record establishes that Johnson had adequate notice to prepare a defense, then it also shows the absence of surprise.

In pertinent part, Johnson's indictment alleged that Johnson had previously been convicted of theft "in that on the 19th day of April, 1998, in the County Court at Law No. One of Brazos County, Texas, in Cause No. 599-98, the defendant was convicted of Theft." The amendment only changed the date of the conviction from April 19th to April 9th. "The indictment alleged the prior conviction with sufficient specificity by including the correct county, court, offense, cause number, month and year, to put [Johnson] on notice to prepare for proof of the conviction." *Valenti*, 49 S.W.3d at 599. Accordingly, under these circumstances, we hold that amending the typographical error in the date of the prior conviction did not affect Johnson's substantial rights and was harmless. *See id.*

### SUFFICIENCY OF THE EVIDENCE

In her second issue, Johnson contends the evidence is insufficient to prove the value of the wine she was alleged to have stolen. The evidence at trial established that Johnson took one bottle from a four-pack of wine from the shelf of a grocery store, drank half the bottle, and placed the half-empty bottle on another shelf. Johnson contends the evidence at trial established only the value of the four-pack of wine, not the value of the single bottle.

"When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Id*. Juries are also permitted "to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial." *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). A reviewing court determines if a jury's inferences are reasonable "based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*. at 17.

With regard to the value of the stolen property, one of the grocery store's loss prevention officers, Jonathon Carrizales, testified that the grocery store was not able to re-package the other three bottles in the four-pack and sell them. Instead, the grocery store is required to take a loss on the entire four-pack. Carrizales stated that a receipt showing the price of the four-pack was given to the officer who arrived to arrest Johnson. The receipt was introduced into evidence, establishing that the value of the four-pack was $6.50.

Because the grocery store was required to take a loss on the entire four-pack, the evidence is legally sufficient to establish that the value of the property stolen by Johnson was $6.50. Even if Carrizales had not testified regarding the grocery store's inability to re-package and sell the remaining three bottles in the four-pack, however, the jury could infer from the evidence that the value of the single bottle was one-fourth of $6.50, or $1.62. Therefore, the evidence is legally sufficient to support Johnson's conviction.

## RULE 403

In her final issue, Johnson contends the trial court erred in admitting evidence that she had engaged in a previous theft because the evidence was overly prejudicial under Rule 403.

Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. We review a trial court's ruling admitting evidence over a Rule 403 objection under an abuse of discretion standard. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *McCallum v. State*, 311 S.W.3d 9, 14-15 (Tex. App.—San Antonio 2010, no pet.). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *De La Paz*, 279 S.W.3d at 343-44. "'Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.'" *McCallum*, 311 S.W.3d at 15 (quoting *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006)).

"[A] proper Rule 403 analysis by either the trial court or a reviewing court includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; (4) the proponent's need for the evidence." *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). In this case, the extraneous offense related to Johnson's previous theft of a bottle of wine that an employee observed and reported to Carrizales.[2] The testimony regarding the prior theft was probative to rebut Johnson's testimony that Carrizales lied in testifying that she stole the wine. The trial court gave a limiting instruction regarding the jury's consideration of extraneous offenses

---

[2] Carrizales was unable to apprehend Johnson on that occasion because he did not observe the theft.

in the charge which "likely eliminated any potential that the extraneous offense evidence would impress the jury in some irrational, indelible way." *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). The testimony regarding the extraneous offense spans only about ten to fifteen pages of the reporter's record, so the time needed to develop the evidence was not significant. Finally, because the jury would be required to weigh the credibility of the witnesses, the State needed the evidence to assist in establishing that Carrizales was the more credible witness. *See Young v. State*, 242 S.W.3d 192, 201 (Tex. App.—Tyler 2007, no pet.) (balancing Rule 403 factors and noting State's need for evidence was significant in order to answer attack on witness's credibility); *Sarabia v. State*, 227 S.W.3d 320, 324 (Tex. App.—Fort Worth 2007, pet. ref'd) (same). After reviewing the balancing factors, we hold the trial court did not abuse its discretion in admitting the evidence of the other theft.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH